[No. B126607. Second Dist., Div. Five. July 1, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
CAROLYN JEAN HANNAH, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.A.

**COUNSEL**

Sally P. Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Steven D. Matthews and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

TURNER, P. J.—

## I. INTRODUCTION

Defendant, Carolyn Jean Hannah, appeals from her suspended state prison sentence and grant of probation following her conviction for felony petty theft (Pen. Code,[1] § 484) and the determination that she had previously served two prison sentences. (§ 667.5, subd. (b).) Defendant argues that the prosecutor improperly exercised a peremptory challenge. The Attorney General argues that the trial court should have imposed a fine pursuant to section 1202.45. In the published portion of this opinion, we address the issue of whether a section 1202.45 fine must be imposed when a defendant is placed on probation.

## II. DISCUSSION

### A. *Wheeler Motion**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Section 1202.45 Fine*

■ The trial court imposed a $200 restitution fine pursuant to section 1202.4, subdivision (b)(1). The Attorney General requests that this court modify the judgment to include a fine pursuant to section 1202.45, which provides: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended unless the person's parole is revoked." ■ In the case of *People* v. *Hong* (1998) 64 Cal.App.4th 1071, 1084 [76 Cal.Rptr.2d 23], this court determined in a case where the defendant was sentenced to prison that the failure to impose a mandatory fine amounted to a jurisdictional error which can be raised for the first time on appeal by the Attorney General. (*People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *People* v. *Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802]; *People* v. *Karaman* (1992) 4 Cal.4th 335, 345-346, fn. 11 [14 Cal.Rptr.2d 801, 842 P.2d 100]; *In re Ricky H.* (1981) 30 Cal.3d 176, 191

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

*See footnote, *ante*, page 270.

[178 Cal.Rptr. 324, 636 P.2d 13]; *People v. Davis* (1981) 29 Cal.3d 814, 827, fn. 5 [176 Cal.Rptr. 521, 633 P.2d 186]; *People v. Serrato* (1973) 9 Cal.3d 753, 763-765 [109 Cal.Rptr. 65, 512 P.2d 289], overruled on another point in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144]; *In re Sandel* (1966) 64 Cal.2d 412, 414-418 [50 Cal.Rptr. 462, 412 P.2d 806].) The Attorney General argues that *Hong,* a case where the defendant was sentenced to prison, applies when the accused is placed on probation.

This is an issue of statutory interpretation. ■■ We apply the following standard of statutory review described by the California Supreme Court: "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent." (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826 [25 Cal.Rptr.2d 148, 863 P.2d 218]; *People v. Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) The Supreme Court has emphasized that the words in a statute selected by the Legislature must be given a "commonsense" meaning when it noted: " 'Our first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. (*Mercer v. Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 . . . ; *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 . . . .)' (*People v. Valladoli* (1996) 13 Cal.4th 590, 597 . . . .)" (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) Further, our Supreme Court has noted: " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . .' " (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) However, the literal meaning of a statute must be in accord with its purpose as the Supreme Court noted in *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 658-659 [25 Cal.Rptr.2d 109, 863 P.2d 179] as follows: "We are not prohibited 'from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the [statute]. . . .' " In *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299], our Supreme Court added: "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the

spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in light of the statutory scheme [citation] . . . ." The Supreme Court has held: " 'The courts must give statutes a reasonable construction which conforms to the apparent purpose and intention of the lawmakers.' (*Clean Air Constituency* v. *California State Air Resources Bd.* (1974) 11 Cal.3d 801, 813 . . .)" (*Webster* v. *Superior Court* (1988) 46 Cal.3d 338, 344 [250 Cal.Rptr. 268, 758 P.2d 596].) Further, the Supreme Court has held: "We have recognized that a wide variety of factors may illuminate the legislative design, ' "such as context, the object in view, the evils to be remedied, the history of the time and of legislation upon the same subject, public policy and contemporaneous construction." ' (*In re Marriage of Bouquet* [(1976)] 16 Cal.3d 583, 587 . . . quoting *Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688 . . . .)" (*Walters* v. *Weed* (1988) 45 Cal.3d 1, 10 [246 Cal.Rptr. 5, 752 P.2d 443].)

■ The trial court sentenced defendant to state prison for a period of three years plus two years pursuant to section 667.5, subdivision (b) and imposed a fine pursuant to section 1202.4, subdivision (b), in the amount of $200. However, the trial court then suspended the state prison sentence. The trial court placed defendant on five years' formal probation with a condition of probation, among others, that she spend the first year at the Eirene Ministries drug rehabilitation program. Defendant is presently *not* subject to a parole period and will not be absent a revocation of her probation and commitment to prison. Only if committed to prison will defendant be subject to a period of parole and a section 1202.45 fine. We addressed a similar issue in *People* v. *Oganesyan* (1999) 70 Cal.App.4th 1178, 1181-1186 [83 Cal.Rptr.2d 157]. In *Oganesyan*, we addressed the question of whether a section 1202.45 fine could be imposed in the case of a defendant receiving a sentence of life in prison without possibility of parole. For a variety of reasons, not all of them applicable here, we determined that since there was no period of parole under such circumstances, the section 1202.45 fine need not be imposed. We noted: "Section 1202.45 indicates that it is applicable to a 'person . . . whose sentence includes a period of parole.' At present, defendant's 'sentence' does not allow for parole. When we apply a common-sense interpretation to the language of section 1202.45 (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist., supra,* 14 Cal.4th at p. 633; *People* v. *Valladoli* (1996) 13 Cal.4th 590, 597 . . .), we conclude that because the sentence does not presently allow for parole and there is no evidence it ever will, no additional restitution fine must be imposed." (70 Cal.App.4th at pp. 1185-1186.) Similarly, in the present case, defendant is not presently subject to a sentence which carries a period of parole. As in *Oganesyan,* it would be inappropriate to impose a section 1202.45 fine,

which requires the imposition of a sentence that includes a period of parole when, as matters now stand, such a state of affairs does not exist; particularly given the complete absence of evidence of a legislative intent that the fine be imposed when a defendant is placed on probation. (70 Cal.App.4th at pp. 1184-1185.) No jurisdictional error occurred.

### III. DISPOSITION

The judgment is affirmed.

Grignon, J., and Godoy Perez, J., concurred.