95 Cal.Rptr.2d 86 (2000)
80 Cal.App.4th 57
The PEOPLE, Plaintiff and Respondent,
v.
Terry McCOY, Defendant and Appellant.
No. B127097.
Court of Appeal, Second District, Division Five.
April 24, 2000.
As Modified May 24, 2000.
Review Granted August 9, 2000.
*87 Veronica A. Bonetti, Elk Grove, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Lance E. Winters, Supervising Deputy Attorney General, Jason C. Tran, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
TURNER, P.J.

I. INTRODUCTION
Defendant, Terry McCoy, appeals from his convictions for grand theft of an automobile (Pen.Code,[1] § 487, subd. (d)), and evading an officer with willful or wanton disregard for the safety of persons or property. (Veh.Code, § 2800.2, subd. (a).) Defendant was also found to have previously been convicted of four prior serious felonies and to have served four prison terms. (§§ 667, subd. (a)(1), 667.5, subd. (b), 667, subds. (b)-(i), 1170.12, subds. (a)(d).) Defendant, who represented himself at trial, argues he is entitled to a reversal because of an irregularity during a lineup. The Attorney General argues the abstract of judgment must be corrected and the trial court should have imposed a section 1202.45 additional restitution fine.
In the published portion of the opinion, we address the issue of whether the trial court's failure to impose a section 1202.45 additional restitution fine and stay it pending any parole violation is a legally unauthorized sentence when a section 1202.4, subdivision (b)(1) fine is imposed. We conclude that when the trial court imposes a section 1202.4, subdivision (b)(1) fine, but neglects to assess a section 1202.45 additional restitution fine and the deputy district attorney fails to object, the failure to have imposed the additional parole restitution fine was a legally unauthorized sentence within the meaning of People v. Scott (1994) 9 Cal.4th 331, 353, 36 Cal.Rptr.2d 627, 885 P.2d 1040, and People v. Welch (1993) 5 Cal.4th 228, 235, 19 Cal.Rptr.2d 520, 851 P.2d 802. Hence, the Attorney General may argue for the first time on appeal that the trial court should have imposed the additional restitution fine. In reaching this determination, we conclude that the opinion in People v. Tillman (2000) 22 Cal.4th 300, 303, 92 Cal.Rptr.2d 741, 992 P.2d 1109, which relied on Welch and Scott, did not abrogate the prior Court of Appeal opinions which held that when a section 1202.4, subdivision (b)(1) restitution fine is imposed, the failure of the trial prosecutor to object when the trial judge fails to assess the section 1202.45 additional restitution fine does not preclude the Attorney General from raising this issue for the first time on appeal. We order modification of the abstract of judgment and imposition and staying of the section 1202.45 additional restitution fine. In all other respects, we affirm the judgment.

II. DISCUSSION

A.[**]
The Attorney General argues that the trial court had a jurisdictional responsibility to impose a section 1202.45 additional *88 restitution fine. Defendant argues, based on the decision of the California Supreme Court in People v. Tillman, supra, 22 Cal.4th at pages 302-303, 92 Cal.Rptr.2d 741, 992 P.2d 1109, that the failure of the trial prosecutor in this case to raise the issue of the trial court's failure to impose a section 1202.45 additional restitution fine at the probation and sentence hearing by proper objection constitutes waiver of the issue so that the Attorney General may not seek its assessment for the first time on appeal. In the present case, the trial court imposed a $2,500 restitution fine pursuant to section 1202.4, subdivision (b)(1). However, the trial court did not impose the additional restitution fine mandated by section 1202.45 and the deputy district attorney never objected.
We begin our analysis, as we must, with an assessment of the statutory language. (Emerson Electric Co. v. Superior Court (1997) 16 Cal.4th 1101, 1106, 68 Cal. Rptr.2d 883, 946 P.2d 841; Burden v. Snowden (1992) 2 Cal.4th 556, 562, 7 Cal. Rptr.2d 531, 828 P.2d 672.) Section 1202.4, subdivision (b)(1) provides: "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony, and shall not be less than one hundred dollars ($100), and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor." Once a sentencing court imposes the section 1202.4, subdivision (b)(1) restitution fine, then it is mandatory that an additional restitution fine be assessed pursuant to section 1202.45 which states in its entirety: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended unless the person's parole is revoked."
In Tillman, the trial judge neglected to impose the minimum $200 section 1202.4, subdivision (b)(1) restitution fine. Further, the trial court failed to set forth its reasons for not imposing the minimum $200 section 1202.4, subdivision (b)(1) restitution fine. (People v. Tillman, supra, 22 Cal.4th at p. 302, 92 Cal.Rptr.2d 741, 992 P.2d 1109.) As noted previously, section 1202.4, subdivision (b)(1) requires a trial judge to impose the minimum $200 restitution fine "... unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." In Tillman, while the case was in superior court, the deputy district attorney failed to object to the omission of the $200 section 1202.4, subdivision (b)(1) restitution fine. Also, the deputy district attorney failed to object to the absence of a recitation on the record of compelling and extraordinary reasons for not imposing the section 1202.4, subdivision (b)(1) restitution fine. Additionally, in Tillman, the trial court failed to impose the section 1202.45 additional restitution fine. (Ibid.) The failure to have imposed the section 1202.45 additional restitution fine was understandable and perfectly legal. As noted in the immediately preceding paragraph, the section 1202.45 additional restitution fine which is suspended unless there is a parole violation must be in a sum equal to the section 1202.4, subdivision (b)(1) restitution fine. If no section 1202.4, subdivision (b)(1) restitution fine is imposed, then no section 1202.45 additional restitution fine may be imposed and suspended. In Tillman, that is exactly what happened. No section 1202.4, subdivision (b)(1) restitution fine was imposed; hence, no section 1202.45 additional restitution fine could be imposed, nor was it.
*89 In the face of this procedural scenario, the Supreme Court in Tillman concluded that the failure of the local prosecutor to have objected at all to the failure of the trial judge to have imposed both restitution fines or state compelling and extraordinary reasons for not doing so barred the Attorney General from raising the issue on appeal. It bears emphasis that Tillman involved a case where the trial court never imposed the section 1202.4, subdivision (b)(1) minimum $200 restitution fine nor stated its reasons for failing to do so. The Supreme Court described its holding as follows: "The trial court here failed to state on the record its reasons for not imposing the restitution fines; the [People v.] Scott [, supra, 9 Cal.4th at p. 353, 36 Cal.Rptr.2d 627] trial court failed to state on the record its reasons for making a discretionary sentencing choice, a finding required by section 1170. In Scott, we held the defendant's objection to the trial court's omission had been waived by the failure to make it at the time of sentencing. Here, we conclude the People's failure to object leads to the same result." (People v. Tillman, supra, 22 Cal.4th at p. 303, 92 Cal.Rptr.2d 741, 992 P.2d 1109.)
The Supreme Court's determination that the issue of the trial judge's failure to impose the restitution "fines" had been waived by the lack of a prosecutorial objection to the absence of a statement of reasons or the failure to impose the restitution fine as required by section 1202.4, subdivision (b)(1) was premised upon its prior decision of People v. Scott, supra 9 Cal.4th at page 353, 36 Cal.Rptr.2d 627, 885 P.2d 1040, and in turn on the opinion in People v. Welch, supra, 5 Cal.4th at page 235, 19 Cal.Rptr.2d 520, 851 P.2d 802. (People v. Tillman, supra, 22 Cal.4th at pp. 302-303, 92 Cal.Rptr.2d 741, 992 P.2d 1109.) In Scott, the Supreme Court held that a defendant's failure to object to the articulation by the trial judge of no or proper reasons for a sentence choice subject to the determinate sentencing law barred raising an issue concerning such an error on appeal. (People v. Scott, supra, 9 Cal.4th at p. 353, 36 Cal.Rptr.2d 627, 885 P.2d 1040.) In Tillman, the Supreme Court reiterated its prior analysis in Scott and Welch as follows: "Both Scott and Welch involved criminal defendants who sought correction of alleged sentencing errors on appeal after having failed to object in the trial court; here, of course, the party seeking to have the sentence modified on appeal is the People, acting through the Attorney General. We see no material difference in that circumstance, however. Animating the result in Scott was the following `practical and straightforward' reasoning: `Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention. As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them.' (People v. Scott, supra, 9 Cal.4th at p. 353, 36 Cal.Rptr.2d 627, 885 P.2d 1040[ ] italics added.)" (People v. Tillman, supra, 22 Cal.4th at p. 303, 92 Cal.Rptr.2d 741, 992 P.2d 1109, original italics.)
Scott, the decision repeatedly relied upon in Tillman, relied in large part upon the definition of a jurisdictional error set forth in People v. Welch, supra, 5 Cal.4th at page 235, 19 Cal.Rptr.2d 520, 851 P.2d 802, which was as follows: "Whatever precise meaning the `unauthorized sentence' and `excess of jurisdiction' concepts may have in determining whether claims are waivable on appeal or cognizable on habeas corpus, the authorities cited by defendant do not support her position. These cases generally involve pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." Citing to the foregoing page of Welch, in People v. Scott, supra, 9 Cal.4th at page 354, 36 Cal.Rptr.2d 627, 885 P.2d 1040, the Supreme Court defined *90 an unauthorized sentence which was correctable on appeal even though the issue was not raised in the trial court as follows: "Although the cases are varied, a sentence is generally `unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is `clear and correctable' independent of any factual issues presented by the record at sentencing. (Welch, supra, 5 Cal.4th [at p.] 235 [19 Cal.Rptr.2d 520, 851 P.2d 802].)"
The analysis in Tillman, based upon the holdings of Scott and Welch, is clearly applicable when the trial court fails to impose a section 1202.4, subdivision (b)(1) restitution fine and at the same time neglects to state on the record the "compelling and extraordinary reasons for not doing so...." Scott, Welch, and Tillman, are entirely consistent with what is now a black letter statement of California law; when a sentencing decision requires the statement of reasons and there is noncompliance with that rule, the failure to object in the trial court bars any party from raising the issue on appeal. (E.g., People v. de Soto (1997) 54 Cal.App.4th 1, 7-8, 62 Cal.Rptr.2d 427, [improper dual use of facts underlying weapons use to impose the upper term waived by failure to impose a more specific objection at sentencing]; People v. Kelley (1997) 52 Cal.App.4th 568, 581-582, 60 Cal.Rptr.2d 653, [failure to consider mitigating factors]; People v. Middleton (1997) 52 Cal.App.4th 19, 35, 60 Cal.Rptr.2d 366, [use of improper fact to impose the upper term]; People v. Minder (1996) 46 Cal.App.4th 1784, 1791-1792, 54 Cal.Rptr.2d 555 [failure to comply with requirement in rule 433(b) of the Cal. Rules of Court to state reasons for imposing upper term when imposition of sentence is suspended]; People v. Erdelen (1996) 46 Cal.App.4th 86, 91, 53 Cal. Rptr.2d 553 [improper dual use of facts to impose upper term waived]; People v. Zuniga (1996) 46 Cal.App.4th 81, 83-84, 53 Cal.Rptr.2d 557 [failure to state any reason for sentence choices]; People v. Dancer (1996) 45 Cal.App.4th 1677, 1693, 53 Cal.Rptr.2d 282 disapproved on another point in People v. Hammon (1997) 15 Cal.4th 1117, 1123, 65 Cal.Rptr.2d 1, 938 P.2d 986 [improper use of particularly vulnerable aggravating factor to impose upper term]; People v. Douglas (1995) 36 Cal.App.4th 1681, 1691, 43 Cal.Rptr.2d 129 [finding application of waiver rule to improper use of enhancement to impose upper term and reaching the merits of the issue]; People v. Mustafaa (1994) 22 Cal. App.4th 1305, 1310-1311, 28 Cal.Rptr.2d 172 [failing to state reasons for upper term]; People v. Neal (1993) 19 Cal. App.4th 1114, 1117-1124, 24 Cal.Rptr.2d 129, [failing to state reasons for consecutive sentences].)
We have previously cited Scott in the context of the failure to state reasons for not imposing a drug program fee. In People v. Martinez (1998) 65 Cal.App.4th 1511, 1516-1518, 77 Cal.Rptr.2d 492, we cited Scott, as well as other cases, and reached the same conclusion as Tillman in the context, not of a section 1202.4, subdivision (b)(1) fine, but of a Health and Safety Code section 11372.7, subdivision (a)[4] drug program fee. The mandatory duty to pay a drug program fee is excused when a court finds, in compliance with Health and Safety Code section 11372.7, subdivision (b),[5] that the accused does not have the *91 ability to pay the assessment. As in Tillman, we cited Scott and concluded that since Health and Safety Code section 11372.7, subdivisions (a) and (b) permitted the court to not impose the drug program fee if it found certain facts to be true, no legally unauthorized sentence had been imposed which could be litigated for the first time on appeal by the Attorney General. As in Tillman, we held that in order for the issue to be raised on appeal, there had to be a prosecutorial objection to the failure to impose the Health and Safety Code section 11372.7, subdivision (a) drug fee program or make the requisite findings. (People v. Martinez, supra, 65 Cal.App.4th at pp. 1516-1518, 77 Cal.Rptr.2d 492.)
However, this entire body of law has no controlling application when the trial judge imposes a section 1202.4, subdivision (b)(1) restitution fine but neglects to assess the section 1202.45 additional restitution fine as occurred in this case. This is because the section 1202.45 additional restitution fine must be in the same amount as the section 1202.4, subdivision (b)(1) assessment. The failure to impose the section 1202.45 additional restitution fine is error, which in the words of Scott is "`clear and correctable' independent of any factual issues presented by the record." (People v. Scott, supra, 9 Cal.4th at p. 354, 36 Cal. Rptr.2d 627, 885 P.2d 1040.) In the words of Welch, the failure to impose the section 1202.45 additional restitution fine when there has been the imposition of the section 1202.4, subdivision (b)(1) assessment raises only a "pure question[ ] of law that can be resolved without reference to the particular sentencing record...." (People v. Welch, supra, 5 Cal.4th at page 235, 19 Cal.Rptr.2d 520, 851 P.2d 802.) The failure to have imposed the section 1202.45 additional restitution fine in this case involves a pure question of law that can be resolved without reference to the particular facts before the trial courtonce the section 1202.4, subdivision (b)(1) restitution fine is imposed, the result is automatic under the express terms of section 1202.45an additional restitution fine, which is suspended unless and until the defendant violates a condition of parole, must be imposed in the exact same amount as the section 1202.4, subdivision (b)(1) assessment. Tillman, which involved the failure to require imposition of both the section 1202.4, subdivision (b)(1) and 1202.45 fines does not address this issue.
Further, the statement of reasons requirement, which is at the core of the Tillman analysis, only applies when no minimum section 1202.4, subdivision (b)(1) fine is imposed. The "compelling and extraordinary reasons" language has no application to the section 1202.45 additional restitution fine if a section 1202.4, subdivision (b)(1) restitution fine is imposed. We say this for two reasons. To begin with, the language in section 1202.4, subdivision (b)(1) which excuses the obligation to impose the restitution fine when a statement of compelling and extraordinary reasons are spread upon the record was enacted 12 years prior to the adoption of section 1202.45. Further, there is no evidence the Legislature ever intended that the section 1202.4, subdivision (b)(1) language which excuses the imposition of a restitution fine was to apply to the section 1202.45 additional restitution fine.
The restitution fine requirement was first codified in 1973 in former Government Code section 13967 as follows: "Upon a person being convicted of a crime of violence committed in the State of California resulting in the injury or death of another person, if the court finds that the defendant has the present ability to pay a fine and finds that the economic impact of *92 the fine upon the defendant's dependents will not cause such dependents to be dependent on public welfare the court shall, in addition to any other penalty, order the defendant to pay a fine commensurate with the offense committed, and with the probable economic impact upon the victim, but not to exceed ten thousand dollars ($10,000)." (Stats.1973, ch. 1144, § 2, p. 2351.) In other words, as originally adopted in 1973, the restitution fine was mandatory in a case involving a crime of violence unless the defendant did not have the present ability to pay it or the economic effect of the fine would cause the accused's dependents to be dependent on public welfare. Government Code section 13967 was amended on a number of occasions, each time including the foregoing limited exception to the mandatory restitution fine; the restitution fine could not be imposed if the accused did not have the present ability to pay it or its economic effect was to cause the defendant's dependents to become reliant on welfare. (Stats.1977, ch. 1122, § 3, p. 3598; Stats.1979, ch. 713, § 1, p. 2201; Stats.1980, ch. 530, § 3, p. 1474; Stats. 1981, ch. 166, § 3, p. 967.)
In 1983, the Legislature substantially rewrote the restitution fine statutes. Government Code section 13967, subdivision (a) was redrafted to delete the exception to liability for the restitution fine based on an inability to presently pay and forcing dependents onto welfare. In 1983, Government Code section 13967, subdivision (a) was rewritten to provide in pertinent part: "Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay a restitution fine.... If the person is convicted of one or more felony offenses, the court shall impose a separate an additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000).... Except as provided in Section 1202.4 of the Penal Code, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section." (Stats.1983, ch. 1092, § 135.2, p. 3998.) At the same time, in 1983, section 1202.4, subdivision (a) was adopted and it provided: "In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of section 13967 of the Government Code. Such restitution fine shall be in addition to any other penalty or fine imposed and shall be ordered regardless of the defendant's present ability to pay. However, if the court finds that there are compelling and extraordinary reasons, the court may waive imposition of that portion of the restitution fine which exceeds the prescribed minimum amount. When such a waiver is granted, the court shall state on the record all reasons supporting the waiver." (Stats.1983, ch. 1092, § 320.1, p. 4058.) In 1983, for the first time, the restitution fine statutes utilized language similar to that now appearing in section 1202.4, subdivision (b)(1) which allowed for waiving the payment of the fine over the minimum amount specified in Government Code section 13967, subdivision (a) when there were compelling and extraordinary reasons for such a determination and those justifications were stated on the record.
In 1984, the minimum fine was deleted from Government Code section 13967, subdivision (a). Payment of the restitution fine was made mandatory except as provided by section 1202.4. (Stats.1984, ch. 1340, § 1, p. 4722.) Section 1202.4, subdivision (a) provided much as it does now: "In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code. Such restitution fine shall be in addition to any other penalty or fine imposed and shall be ordered regardless of the defendant's present ability to pay. However, if the court finds that there are compelling and extraordinary reasons, the court may waive imposition of the fine. When such a waiver is granted, the court shall state on the record all *93 reasons supporting the waiver." (Stats. 1984, ch. 1340, § 2, p. 4722.) Since then, section 1202.4, subdivision (b) in all of its amended formats has, as it does now, required the imposition of the restitution fine except when compelling and extraordinary reasons were present and they were stated on the record.
It was not until 1995, 12 years after the "compelling and extraordinary reasons" language was first adopted in 1983 that section 1202.45 was enacted. No committee reports were prepared in connection with the adoption of section 1202.45. (People v. Oganesyan (1999) 70 Cal.App.4th 1178, 1185, 83 Cal.Rptr.2d 157.) Unlike section 1202.4, subdivision (b)(1), section 1202.45 does not indicate the additional restitution fine may not be imposed if there are compelling and extraordinary reasons for not doing so. Rather, the express language of section 1202.45 requires the imposition of the additional restitution fine to be in "the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." Quite obviously, if no restitution fine is imposed pursuant to section 1202.4, subdivision (b)(1), either because of judicial error or the existence of compelling and extraordinary circumstances which are set forth upon the record, then no section 1202.45 additional restitution fine may be imposed. The statutory language does not support the suggestion that even if a section 1202.4, subdivision (b)(1) fine is imposed, if compelling and extraordinary reasons are present, no section 1202.45 additional restitution fine may be assessed and stayed pending a violation of parole, if such ever occurs. Moreover, none of the committee reports prepared in connection with the post-1995 amendments to section 1202.4 indicate a legislative intention that the section 1202.4, subdivision (b)(1) fine may be imposed but if compelling and extraordinary reasons are present and are set forth upon the record, the obligation to assess the section 1202.45 parole restitution fine is excused.[6] The *94 sole criterion for not imposing a section 1202.45 additional restitution fine is if the section 1202.4, subdivision (b)(1) restitution fine was not imposed as a result of judicial error or by reason of the trial court setting forth on the record the compelling and extraordinary reasons for not doing so. Hence, in this case, the failure to have stated compelling and extraordinary reasons for not imposing a restitution fine is entirely inapplicable to the additional restitution fine set forth in section 1202.45 once the section 1202.4, subdivision (b)(1) restitution fine was assessed. No waiver occurred because the deputy district attorney never raised the issue of the failure of the trial court to have set forth compelling and extraordinary reasons for not having imposed the section 1202.45 additional restitution fine; the Legislature never intended the duty to impose a section 1202.45 additional restitution fine to be excused by the presence of compelling and extraordinary reasons when a section 1202.4, subdivision (b)(1) restitution fine is imposed, as occurred in this case.
We note that the Supreme Court in Tillman did not disapprove of any of the Court of Appeal decisions which have held that when the section 1202.4, subdivision *95 (b)(1) fine is imposed, the failure to impose the section 1202.45 additional restitution fine constitutes a legally unauthorized sentence, which is correctable on appeal even though no objection was interposed in the trial court. (People v. Hannah (1999) 73 Cal.App.4th 270, 272, 86 Cal.Rptr.2d 395; People v. Hong (1998) 64 Cal.App.4th 1071, 1084, 76 Cal.Rptr.2d 23.)
Therefore, we are confronted with the following legal principles. Tillman relied upon both Scott and Welch. The definition of a legally unauthorized sentence is one which is "`clear and correctable' independent of any factual issues presented by the record [ ]" (People v. Scott, supra, 9 Cal.4th at p. 354, 36 Cal. Rptr.2d 627, 885 P.2d 1040) or a disposition that involves a "pure question of law that can be resolved without reference to the particular sentencing record...." (People v. Welch, supra, 5 Cal.4th at p. 235, 19 Cal.Rptr.2d 520, 851 P.2d 802.) The failure to state reasons for a sentence choice is not a legally unauthorized sentence because it requires an analysis of factual issues raised by the record. (People v. Tillman, supra, 22 Cal.4th at pp. 302-303, 92 Cal.Rptr.2d 741, 992 P.2d 1109; People v. Scott, supra, 9 Cal.4th at p. 354, 36 Cal.Rptr.2d 627, 885 P.2d 1040.) The failure to impose a section 1202.45 additional restitution fine when a section 1202.4, subdivision (b)(1) restitution fine has been assessed is not excused by a statement of compelling and extraordinary reasons for not doing so. Rather, the express language of section 1202.45 requires the assessment of the additional restitution fine "in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." Therefore, Tillman is inapplicable when a section 1202.4, subdivision (b)(1) fine is imposed but no additional restitution fine is assessed pursuant to section 1202.45; the failure of the prosecutor to object in the trial court does not bar the Attorney General from raising the issue for the first time on appeal.
Our conclusion in this regard is consistent with our recent decision in People v. Smith (2000) 79 Cal.App.4th 1136, 94 Cal. Rptr.2d 700. In Smith, we held that when the trial judge imposes both restitution fines, but the section 1202.45 additional restitution fine is not in the same amount as the section 1202.4, subdivision (b)(1) assessment, a legally unauthorized sentence within the meaning of Scott and Welch has been imposed which is correctable without reference to the particulars in the record. Hence, we concluded that the failure to impose a correct section 1202.45 additional restitution fine could be raised for the first time on appeal by the Attorney General. There is no material difference between the failure to impose a section 1202.45 fine in the correct amount as was the case in Smith and the failure as occurred here to impose it at all once the section 1202.4, subdivision (b)(1) fine has been imposed.

III. DISPOSITION
The judgment is modified to reflect the imposition of the $2,500 Penal Code sections 1202.4, subdivision (b)(1), and 1202.45 restitution fines discussed in the body of this opinion. Upon issuance of the remittitur and imposition of the additional fine, the superior court clerk is directed to issue an amended abstract of judgment which correctly reflects both restitution fines as well as the correction regarding the enhancements imposed as set forth in this opinion and forward it to the Department of Corrections. The judgment is affirmed in all other respects.
GRIGNON, J., concurs.
GODOY PEREZ, J., Dissenting:
In People v. Tillman (2000) 22 Cal.4th 300, 92 Cal.Rptr.2d 741, 992 P.2d 1109 (hereafter Tillman), the sentencing court failed to impose a restitution fine under Penal Code section 1202.4 and a parole revocation fine under Penal Code section 1202.45. Here, the trial court likewise *96 failed to impose a section 1202.45 parole revocation fine, but did order a section 1202.4 restitution fine. The majority focuses on that differenceimposition of a section 1202.4 restitution fineto conclude Tillman is inapplicable here. I believe the distinction the majority draws is immaterial, and therefore I respectfully dissent from that part of the judgment which modifies the sentence to impose a parole revocation fine.
Tillman is a short opinion and its analysis is brief. Tillman's unanimous decision makes clear that our Supreme Court applied waiver to the double sentencing error before it in order to (1) promote vigilance by parties in protecting their rights, and (2) conserve scarce judicial resources. The Tillman court explained, "As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (Tillman, supra, 22 Cal.4th at p. 303, 92 Cal. Rptr.2d 741, 992 P.2d 1109.)
Waiver is a court-created doctrine which arises from the judiciary's inherent equitable powers. It promotes judicial efficiency by, broadly speaking, imposing on the holder of a legal right the burden of ensuring the right's timely exercise. (See 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 394, p. 444; see also Civ.Code, § 3521 ["He who takes the benefit must bear the burden"].) Waiver is thus a particular instance of the venerable principle that "The law helps the vigilant, before those who sleep on their rights." (Civ. Code, § 3527.) But more fundamentally, waiver also reflects deeply embedded notions of fairness. Professor Witkin described it well when he wrote reviewing courts often find an issue has been waived on appeal because it "is simply ... unfair to the trial judge and to the adverse party to take advantage of an error on appeal when it could easily have been corrected at the trial." (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 394, p. 445 (italics original); see also People v. Saunders (1993) 5 Cal.4th 580, 590, 20 Cal.Rptr.2d 638, 853 P.2d 1093 [same]; People v. Neal (1993) 19 Cal.App.4th 1114, 1118, 24 Cal. Rptr.2d 129, hereafter Neal [same].)
Because the policies supporting waiver are so important to the fair and efficient operation of our legal system, the Supreme Court has applied it to sentencing errors where the aggrieved party suffered much greater injury than the People faced herea lost chance to collect a $2,500 parole revocation fine payable only if, and when, appellant violates his eventual parole. For example, the Supreme Court found waiver in People v. Welch (1993) 5 Cal.4th 228, 19 Cal.Rptr.2d 520, 851 P.2d 802, when the defendant failed to object to "unreasonable" probation conditions, even though one ordinarily thinks trial courts ought to impose only reasonable probation conditions. (Id. at p. 235, 19 Cal.Rptr.2d 520, 851 P.2d 802.) In People v. Walker (1991) 54 Cal.3d 1013, 1 Cal.Rptr.2d 902, 819 P.2d 861, the Supreme Court found a defendant waived a trial court's breach of its duty to advise him of the consequences of his plea bargain when he did not object to a sentence which exceeded the plea bargain's terms. (Id. at pp. 1022-1023, 1 Cal.Rptr.2d 902, 819 P.2d 861.) And finally, in People v. Chi Ko Wong (1976) 18 Cal.3d 698, 135 Cal.Rptr. 392, 557 P.2d 976, the Supreme Court found the defendant waived errors in a probation report by not objecting to them even though they resulted in a longer sentence. (Id. at p. 725, 135 Cal.Rptr. 392, 557 P.2d 976, disapproved on another point in People v. Green (1980) 27 Cal.3d 1, 34-35, 164 Cal.Rptr. 1, 609 P.2d 468; see generally People v. Scott (1994) 9 Cal.4th 331, 351-352, 36 Cal. Rptr.2d 627, 885 P.2d 1040 [favorably citing the foregoing decisions].)
Our Supreme Court is not alone in recognizing the important interests advanced by waiver. We also did so in our decision in Neal, supra, 19 Cal.App.4th 1114, 24 Cal.Rptr.2d 129. Writing for the court, Presiding Justice Turner identified "a whole host of cases" applying waiver to *97 sentencing errors. (Id. at p. 1122, 24 Cal. Rptr.2d 129.) Presiding Justice Turner identified these errors as "nonjurisdictional" which defendants waived by not objecting at trial. A number of them involved errors which seemingly could have been corrected on the face of the record without intruding on the trial court's fact-finding powers and discretionary sentencing choicesthe existence of those powers and choices being the dividing line, in my colleagues' understanding of Tillman, between "jurisdictional" sentencing errors which cannot be waived and "nonjurisdictional" errors which can. For example, Neal observed that waiver applied to "noncompliance with the statutory requirements that sentencing occur within specified time periods," even though I presume one could determine whether statutory time periods were met by looking at the court filean item ordinarily subject to judicial notice. (Id. at p. 1123.) Neal also noted waiver existed when "a probation officer's report [was] presented orally rather than in compliance with the statutory mandate that it be in a written format," even though the difference between an oral report and a written one is plain and does not involve intruding on the sentencing court's fact-finding powers. (Id. at p. 1123, 24 Cal.Rptr.2d 129.) Neal also observed that "[w]hen a defendant does not object to allowing the probation officer to determine the amount of restitution, the propriety of such an order has been waived for appellate purposes," although the probation officer arguably usurped judicial powers by acting like a judge in calculating restitution. (Id. at p. 1123, 24 Cal.Rptr.2d 129.) Neal also noted "[t]he trial court's failure to secure a current probation report is waived on appeal by the failure to object," although such a failure would presumably not be reasonably subject to dispute and therefore would not involve invading the sentencing court's fact-finding powers. (Neal, supra, 19 Cal. App.4th at p. 1124, 24 Cal.Rptr.2d 129.) Neal also explained "the failure of a sentencing judge to inquire as to whether there is any reason sentence should not be pronounced as required by section 1200 is waived on appeal if no objection was interposed to this statutory requirement in superior court," even though such a determination involves no fact-finding other than looking at the court's relevant minute order or reporter's transcript, neither of which entails encroaching on the sentencing court's fact-finding or discretionary powers. (Id. at p. 1124, 24 Cal.Rptr.2d 129.) Finally, Neal recited that "[l]egal questions relating to a lack of notice at a sentencing hearing are waived on appeal in the absence of an objection in the trial court" (italics added), even though my colleagues find the trial court's sentencing error herefailure to impose a parole revocation finewas not waivable because it presented pure legal issues which can be resolved without further examination of the sentencing record; the difference, however, between "legal questions" and "legal issues" appears to be of no consequence. (Id. at p. 1124, 24 Cal.Rptr.2d 129.)
The majority finds Tillman (and presumably all the waiver decisions cited by Neal) limited waiver to discretionary sentencing choices. They note the section 1202.4 restitution fine is discretionary in that a trial court may decide not to impose it for "compelling and extraordinary reasons." They further note section 1202.45 has no similar escape clause, and the trial court therefore must impose a parole revocation fine if it imposes a section 1202.4 restitution fine. Because the parole revocation fine is mandatory, and it is statutorily set at an amount equal to the restitution fine, the majority reasons the trial court's failure to impose a parole revocation fine was jurisdictional error which could not be waived.
I respectfully suggest the majority reads Tillman too narrowly, and indeed, I believe their distinction cuts against them, weakening their argument rather than strengthening it. Tillman involved two sentencing errors by the trial courtfailure *98 to impose a restitution fine and a parole revocation fine. The Tillman court held the People nevertheless waived these errors by not objecting, finding it an improper use of scarce judicial resources to correct such a double-error for the first time on appeal. Here, in contrast, there is only one error by the trial courtfailure to impose a parole revocation fine. Surely, if the sentencing court's two-fold error in Tillman was insufficiently grave to correct on appeal, the trial court's oversight here involving only one of those two errors is even less so.
In support of their reading of Tillman, the majority notes the Supreme Court did not expressly disapprove any of the Court of Appeal decisions that failure to impose a parole revocation fine with a section 1202.4 restitution fine is a legally unauthorized sentence which the People's failure to object does not waive. (See, e.g., People v. Hannah (1999) 73 Cal.App.4th 270, 86 Cal. Rptr.2d 395; People v. Hong (1998) 64 Cal.App.4th 1071, 76 Cal.Rptr.2d 23.) The majority's observation is unpersuasive, however, because Tillman did not explicitly cite any Court of Appeal decisions, whether those it implicitly upheld or those it implicitly overruled. Instead, Tillman noted the Courts of Appeal had split regarding the effect of the People's failure to object to a trial court's not imposing statutorily required restitution and parole revocation fines, some finding waiver and others not. Tillman resolved that split by embracing the unnamed decisions which had found waiver. In doing so, it rejected those unidentified decisions finding no waiver. Hence, Tillman's failure to expressly disapprove People v. Hannah, supra, 73 Cal.App.4th 270, 86 Cal.Rptr.2d 395, and People v. Hong, supra, 64 Cal. App.4th 1071, 76 Cal.Rptr.2d 23, is of no merit, as Tillman overruled them sub silentio to the extent they belonged to the non-waiver line of cases.
A factual distinction between Tillman and the facts here does exist. Moreover, I recognize Tillman's analysis was sufficiently quick and to the point that there is some room for good-faith disagreement about how the Supreme Court would handle that distinction. My colleagues believe the Supreme Court would find the distinction dispositive. For the reasons I have stated above, however, I think otherwise. Accordingly, I respectfully dissent and would reject the People's attempt to correct on appeal their failure to obtain a parole revocation fine.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication except for the indicated portion of the Discussion.
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[**] See footnote *, ante.
[4] Health and Safety Code section 11372.7, subdivision (a) provides: "Except as otherwise provided in subdivision (b) or (e), each person who is convicted of a violation of this chapter shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense. The court shall increase the total fine, if necessary, to include this increment, which shall be in addition to any other penalty prescribed by law." (Fn.omitted.)
[5] Health and Safety Code section 11372.7, subdivision (b) provides: "The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability. In its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution. If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee."
[6] We have read all the committee reports prepared for each amendment to section 1202.4, subdivision (b)(1) since the enactment of section 1202.45. None of those committee reports contain any evidence the Legislature intended that the "compelling and extraordinary reasons" language was to apply to excuse the obligation to impose a section 1202.45 additional restitution fine in a sum equal to that assessed pursuant to section 1202.4, subdivision (b)(1). None of the committee reports prepared in connection with Assembly Bill No. 817 for the 1995 amendment to section 1202.4, subdivision (b)(1) indicated any legislative intent to permit a trial judge to not assess the additional parole restitution fine in section 1202.45 because of existence of compelling and extraordinary reasons as set forth in section 1202.4, subdivision (b)(1). (Assem. Bill No. 817, 3d reading analysis (1995-1996 Reg. Sess.) July 5, 1995; Concurrence in Sen. Amends., Analysis of Assem. Bill No. 817 (1995-1996 Reg. Sess.) July 30, 1995; Budget Com. Analysis to Assem. Bill No. 817 (1995-1996 Reg. Sess.) Aug. 24, 1995; Budget Com. Analysis to Assem. Bill No. 817 (1995-1996 Reg. Sess.) Aug. 30, 1995.)

The extensive committee analysis prepared in connection with Senate Bill No. 1685 in 1996 also contains no evidence that once a section 1202.4, subdivision (b)(1) fine was imposed, the existence of compelling and extraordinary reasons would excuse the duty to assess the additional restitution fine pursuant to section 1202.45. (Sen. Com. on Crim. Procedure, Analysis of Sen. Bill No. 1685 (1995-1996 Reg. Sess.) Apr. 23, 1996; Sen. Rules Com., 3d reading analysis of Sen. Bill No. 1685 (1995-1996 Reg. Sess.) May 21, 1996; Sen. Rules Com., 3d reading analysis of Sen. Bill No. 1685 (1995-1996 Reg. Sess.) May 13, 1996; Sen. Rules Com., 3d reading analysis of Sen. Bill No. 1685 (1995-1996 Reg. Sess.) May 15, 1996; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1685 (1995-1996 Reg. Sess.) July 2, 1996; Sen. Rules Com., Analysis of Sen. Bill No. 1685 (1995-1996 Reg. Sess.) Aug. 19, 1996; Sen. Rules Com., Analysis of Sen. Bill No. 1685 (1995-1996 Reg. Sess.) Aug. 20, 1996; Assem. Appropriations Com., Analysis of Sen. Bill No. 1685 (1995-1996 Reg. Sess.) Aug. 7, 1996; Assem. Appropriations Com., Analysis of Sen. Bill No. 1685 (1995-1996 Reg. Sess.) Aug. 11, 1996.) The same is true of Senate Bill No. 150 adopted in 1997. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 150 (1997-1998 Reg. Sess.) Apr. 8, 1997; Sen. Com. on Public Safety, Analysis of Sen. Bill No. 150 (1997-1998 Reg. Sess.) Apr. 16, 1997; Sen. Appropriations Com., Analysis of Sen. Bill No. 150 (1997-1998 Reg. Sess.) May 5, 1997; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 150 (1997-1998 Reg. Sess.) June 24, 1997; Assem. Com. on Judiciary, Analysis of Sen. Bill No. 150 (1997-1998 Reg. Sess.) July 16, 1997; Sen. Rules Com., Analysis of Sen. Bill No. 150 (1997-1998 Reg. Sess.) Sept. 3, 1997.)
In terms of the 1998 amendments to section 1202.4, subdivision (b)(1), none of the four reports prepared in connection with Senate Bill No. 1608 contain any evidence that the compelling and extraordinary language provisions of that section would apply to the section 1202.45 additional restitution fine when a section 1204.4, subdivision (b)(1) restitution fine is assessed. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1608 (1997-1998 Reg. Sess.) May 5, 1998; Sen. Rules Com., Analysis of Sen. Bill No. 1608 (1997-1998 Reg. Sess.) May 7, 1998; Assem. Com. on Judiciary, Analysis of Sen. Bill No. 1608 (1997-1998 Reg. Sess.) June 9, 1998; (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1608 (1997-1998 Reg. Sess.) June 23, 1998.) The same is true of the committee report prepared in 1998 in connection with the section 1202.4, subdivision (b)(1) amendments set forth in Senate Bill No. 1768 passed in 1998 and signed by the Governor. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1768 (1997-1998 Reg. Sess.) Apr. 14, 1998; Sen. Appropriations Com., Analysis of Sen. Bill No. 1768 (1997-1998 Reg. Sess.) May 11, 1998; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1768 (1997-1998 Reg. Sess.) June 30, 1998; Assem. Appropriations Com., Analysis of Sen. Bill No. 1768 (1997-1998 Reg. Sess.) July 29, 1998; Assem. Appropriations Com., Analysis of Sen. Bill No. 1768 (1997-1998 Reg. Sess.) Aug. 3, 1998; Senate Com. on Judiciary, 3d reading analysis of Sen. Bill No. 1768 (1997-1998 Reg. Sess.) Aug. 24, 1998; Sen. Rules Com., Analysis of Sen. Bill No. 1768 (1997-1998 Reg. Sess.) Aug. 26, 1998.)
None of the three reports prepared in connection with the enactment of Senate Bill No. 1250 suggests that the compelling and extraordinary circumstances language of section 1202.4, subdivision (b)(1) is to apply to a section 1202.45 additional restitution fine. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1250 (1999-2000 Reg. Sess.) Apr. 20, 1999; Sen. Rules Com., 3d reading analysis of Sen. Bill No. 1250 (1999-2000 Reg. Sess.) May 11, 1999; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1250 (1999-2000 Reg. Sess.) June 8, 1999.) Finally, the committee reports prepared in connection with the most recent amendment to section 1202.4, subdivision (b)(1) in 1999, Assembly Bill No. 606, do not suggest that the compelling and extraordinary circumstances language applies to the section 1202.45 additional restitution fine when a section 1202.4, subdivision (b)(1) restitution fine is imposed. (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 606 (1999-2000 Reg. Sess.) Apr. 20, 1999; Assem. Appropriations Com., Analysis of Assem. Bill No. 606 (1999-2000 Reg. Sess.) May 19, 1999; Assem. Bill No. 606, 3d reading analysis (1999-2000 Reg. Sess.) June 2, 1999; Sen. Com. on Public Safety, Analysis of Assem. Bill No. 606 (1999-2000 Reg. Sess.) June 29, 1999; Assem. Appropriations Com., Analysis of Assem. Bill No. 606 (1999-2000 Reg. Sess.) Aug. 16, 1999; Sen. Rules Com., Office of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 606 (1999-2000 Reg. Sess.) Sept. 7, 1999; Sen. Rules Com., 3d reading analysis of Assem. Bill No. 606 (1999-2000 Reg. Sess.) Sept. 5, 1999; Concurrence in Sen. Amends., Analysis of Assem. Bill No. 606 (1999-2000 Reg. Sess.) Sept. 7, 1999; Sen. Rules Com., 3d reading analysis of Assem. Bill No. 606 (1999-2000 Reg. Sess.) Sept. 8, 1999.)