97 Cal.Rptr.2d 330 (2000)
81 Cal.App.4th 1055
The PEOPLE, Plaintiff and Respondent,
v.
Naasir A. TALIBDEEN, Defendant and Appellant.
No. B130967.
Court of Appeal, Second District, Division Five.
June 26, 2000.
Rehearing Denied July 12, 2000.
Review Granted October 25, 2000.
*331 Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Lance E. Winters, Supervising Deputy Attorney General, David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
WEISMAN, J.[**]

I. INTRODUCTION
Defendant Naasir A. Talibdeen appeals from a judgment of conviction following his guilty plea to possession of cocaine (Health & Saf.Code, § 11350, subd. (a)), and his admission that he suffered one prior serious or violent felony conviction for first degree burglary (Pen.Code, § 459) which was alleged as a "strike" under the Three Strikes law (Pen.Code, §§ 667, subds.(b)(i), 1170.12, subds. (a)-(d)). Defendant was sentenced to state prison for a total of 32 months, consisting of a low term of 16 months which was doubled to 32 months under the Three Strikes law. Defendant was also ordered to pay a $50 laboratory analysis fee, a $200 restitution fine, and a $200 parole revocation fine. Defendant contends that he was denied his due process right to a fair hearing before an impartial judge because of repeated instances of judicial misconduct that occurred at his suppression hearing pursuant to Penal Code section 1538.5. The Attorney General contends that the judgment must be modified to impose a $50 state penalty assessment under Penal Code section 1464 and a $35 county penalty assessment under Government Code section 76000. We order the judgment modified to reflect the imposition of these penalty assessments and affirm the judgment in all other respects.

II. FACTUAL SUMMARY [1]
On March 22, 1998, at about 9:15 p.m., Los Angeles Police Officers Howard Leslie *332 and Richard Rakitis were driving in their police car on Westlake in a southbound direction. They stopped at a stop sign at 7th Street and Westlake. At that point they observed defendant walking eastbound on the south side of 7th Street east of Westlake. Officer Leslie noticed that defendant kept looking back over his shoulder at the police car and then "quickened his pace" as he proceeded down 7th Street. Officer Leslie thought it was "a little suspicious" that defendant looked over his shoulder and quickened his pace after seeing the police.
Officer Leslie drove the police car down 7th Street and pulled over behind defendant. He wanted to ask defendant why he was in the area. As the police officers exited the police car, defendant walked toward the officers and approached to within five or six feet of Officer Leslie. Defendant asked Officer Leslie if the buses were running at that time of night. Officer Leslie replied that the buses were still running.
Officer Leslie then asked defendant if he could talk with him for a minute. Defendant said, "Yeah, you can talk to me." Officer Leslie then discussed with defendant what he was doing in the area, what his name was, whether he lived in the area, and whether he was on parole. Defendant was cooperative during their conversation. During their conversation, Officer Leslie noticed that defendant was sweating, talking quickly and rapidly, was unable to stand still, moved his hands a lot, and his right eye was dilated. In Officer Leslie's expert opinion, defendant was under the influence of a central nervous system stimulant such as rock cocaine.
Officer Leslie told defendant to turn around and place his hands on his head. When defendant complied, Officer Leslie searched him and found round wafershaped objects that resembled rock cocaine in defendant's left front pants pocket. Defendant was then handcuffed and placed in the rear of the police car.

III. DISCUSSION

A. Allegations of Judicial Misconduct in Conducting the Suppression Hearing [***]

B. The Failure of the Trial Court to Impose the Required State and County Penalty Assessments

The Attorney General points out that that the trial court imposed a $50 laboratory analysis fee, but failed to levy other mandatory assessments required under Penal Code section 1464 and Government Code section 76000. The Attorney General requests that we impose these mandatory assessments on appeal and order the abstract corrected to reflect these assessments. Defendant relies on People v. Tillman (2000) 22 Cal.4th 300, 302-303, 92 Cal.Rptr.2d 741, 992 P.2d 1109, and argues that the People have waived the imposition of these assessments by not raising the issue at sentencing and objecting then to the failure of the trial court to levy the assessments.
It is clear that under Penal Code section 1464 a trial court has a mandatory duty to levy and impose a state penalty assessment of $10 for every $10 or fraction thereof of every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses. The trial court also has a mandatory duty under Government Code section 76000 to levy and impose a county penalty assessment of $7 for every $10 or fraction thereof of every fine, penalty, or forfeiture imposed and collected by the *333 courts for criminal offenses. Thus, the trial court in the instant case was under a mandatory duty to impose a state penalty assessment of $50 and a county penalty assessment of $35 on the $50 laboratory analysis fee it ordered.
We addressed the power of the reviewing court to order mandatory fees imposed on appeal when the trial court failed to impose such mandatory fees at sentencing in People v. McCoy (2000) 80 Cal.App.4th 57, 69-70, 95 Cal.Rptr.2d 86. In McCoy, we held that issues relating to the imposition of a mandatory parole restitution fine under Penal Code section 1202.45 were not waived by the People's failure to object at sentencing when the trial court did not levy and impose such a fine after imposing a restitution fine under Penal Code section 1202.4. We recognized that People v. Tillman, supra, 22 Cal.4th at pages 302-303, 92 Cal.Rptr.2d 741, 992 P.2d 1109, held a lack of objection by the People to the failure of the trial court to impose a discretionary restitution fine under Penal Code section 1202.4 constituted a waiver of the issue on appeal and barred a reviewing court from subsequently imposing the discretionary fine. We distinguished Tillman, however, on the ground that Tillman dealt with a discretionary fine, and the parole restitution fine at issue in McCoy is mandatory once the trial court chooses to impose the discretionary restitution fine under Penal Code section 1202.4. Thus, in McCoy we found the waiver doctrine discussed in Tillman was inapplicable to mandatory fines, and we ordered the imposition of a parole restitution fine on appeal.
Here, we determine that the state and county penalty assessments are mandatory and that no waiver occurred when the trial court failed to impose them below and the People failed to object. We thus follow the holding of People v. Hannah (1999) 73 Cal.App.4th 270, 272, 86 Cal. Rptr.2d 395, and People v. Hong (1998) 64 Cal.App.4th 1071, 1084, 76 Cal.Rptr.2d 23, which found a failure to impose a mandatory fine at trial constituted a legally unauthorized sentence which is correctable on appeal even though no objection was interposed in the trial court. (See People v. McCoy, supra, 80 Cal.App.4th at p. 69, 95 Cal.Rptr.2d 86.) We therefore order the judgment modified to reflect the imposition of a $50 state penalty assessment under Penal Code section 1464, and the imposition of a $35 county penalty assessment under Government Code section 76000.

IV. DISPOSITION
The judgment is modified to reflect the imposition of a $50 state penalty assessment under Penal Code section 1464 and the imposition of a $35 county penalty assessment under Government Code section 76000. The clerk of the superior court is directed to issue a corrected abstract of judgment reflecting the imposition of these assessments, and to forward the corrected abstract to the Department of Corrections. The judgment is affirmed in all other respects.
TURNER, P.J., and ARMSTRONG, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part A of the Discussion.
[**] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
[1] Defendant entered a plea of guilty and no trial occurred. The only issues defendant raises on appeal concern the conduct of the trial court at the hearing on his motion to suppress under Penal Code section 1538.5. This factual summary will therefore be based on the evidence presented at the hearing on the suppression motion. Defendant represented himself in propria persona at the suppression hearing and at the time he entered his plea of guilty and admitted the prior strike conviction.
[***] See footnote *, ante.