[No. A085437. First Dist., Div. Five. Oct. 2, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
RUSS ARCHIE TYE, Defendant and Appellant.

[No. A086610. First Dist., Div. Five. Oct. 2, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
LEWIS ANTHONY GREENE, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rules 976(b) and 976.1, the FACTS and parts I, II and III of this opinion are not certified for publication.

**COUNSEL**

David S. Krueger, under appointment by the Court of Appeal, for Defendant and Appellant in No. A085437.

Corinne S. Shulman, under appointment by the Court of Appeal, for Defendant and Appellant in No. A086610.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Violet M. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RIVERA, J.**[*]—Defendants Russ Archie Tye and Lewis Anthony Greene were jointly charged with attempted murder, false imprisonment, and cruelty to an animal. The two men were tried together, and the jury found Greene

---

[*]Judge of the Contra Costa Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

guilty as charged. The jury found Tye guilty only of false imprisonment, acquitting him of attempted murder and animal cruelty.[2] Greene was sentenced to life imprisonment with the possibility of parole, enhanced with a consecutive term of 25 years to life, plus a consecutive term of eight months for animal cruelty. Tye was sentenced to two years in prison enhanced with a consecutive two-year term. However, execution of the sentence was suspended, and Tye was placed on probation for five years.

Defendants filed separate notices of appeal, and we ordered the appeals consolidated. In the unpublished portion of our opinion, we address defendants' claims of insufficient evidence, improper or inadequate jury instructions, and prosecutorial misconduct. In the published portion we examine the applicability of the parole revocation restitution fine.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I.-III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV. *Restitution Fine*

Tye was sentenced to the middle term of two years for false imprisonment enhanced by two years for furnishing a firearm to another. Execution of sentence was suspended, and defendant was placed on probation for five years. The court ordered Tye to pay victim restitution pursuant to Penal Code section 1202.4, subdivision (a)(3)(B), a restitution fine payable to the State Restitution Fund pursuant to Penal Code section 1202.4, subdivision (b), and an additional parole revocation restitution fine pursuant to Penal Code section 1202.45. ■ Tye challenges the parole revocation restitution fine of $800, arguing that Penal Code section 1202.45 does not apply because he was granted probation, which does not include a period of parole.

Penal Code section 1202.45 provides as follows: "In every case where a person is convicted of a crime and *whose sentence includes a period of*

---

[2]The jury also found true certain enhancement allegations: that Greene personally used and discharged a firearm, causing great bodily injury in the commission of the attempted murder; that Greene personally used a firearm in the commission of false imprisonment; and that Tye was armed with a firearm and furnished a firearm to another in that offense.

*See footnote 1, *ante*, page 1398.

*parole,* the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended *unless the person's parole is revoked.*" (Italics added.)

Defendant's argument is supported by *People v. Hannah* (1999) 73 Cal.App.4th 270 [86 Cal.Rptr.2d 395], in which the court concluded that Penal Code section 1202.45 does not apply when the defendant is placed on probation. The court reasoned that on account of the suspension of execution of sentence the defendant was "presently *not* subject to a parole period and will not be absent a revocation of her probation and commitment to prison." (*People v. Hannah, supra,* at p. 274, italics in original.)

The Attorney General persuasively argues that *Hannah* was incorrectly decided. The *Hannah* court relied upon an earlier decision in which the restitution fine under Penal Code section 1202.45 was held not to apply to a defendant sentenced to life in prison without possibility of parole, because "the [defendant's] sentence does not presently allow for parole and there is no evidence it ever will." (*People v. Oganesyan* (1999) 70 Cal.App.4th 1178, 1185-1186 [83 Cal.Rptr.2d 157].) *Oganesyan* is distinguishable: Tye's sentence does hold the possibility of a period of parole, as did the defendant's sentence in *Hannah,* if probation is revoked and the defendant is committed to prison. Here, in fact, when Tye was sentenced to four years in prison, the court advised him that he would be on parole for three years following release from prison. The fact that execution of sentence was suspended does not negate the fact that defendant's sentence, if ultimately executed, includes a period of parole.

The conclusion reached by the *Hannah* court makes sense when probation is granted upon suspension of *imposition* of sentence, for in that situation the defendant has not been sentenced to a prison term.[8] When, however, as here, a prison sentence, including a period of parole, has been imposed and only the execution has been suspended, we conclude that Penal Code section 1202.45 applies and the restitution fine may properly be imposed.

It bears emphasizing that by the terms of the statute the parole revocation restitution fine comes due only if the defendant's parole is eventually revoked. Until then, the fine is suspended. Thus, the statute contemplates

---

[8]We observe that in *People v. Hannah,* the court reasoned that "it would be inappropriate to impose a [Penal Code] section 1202.45 fine, which requires the *imposition* of a sentence that includes a period of parole when, as matters now stand, such a state of affairs does not exist . . . ." (*People v. Hannah, supra,* 73 Cal.App.4th at pp. 274-275, italics added.) In fact, however, the defendant had been sentenced to prison for five years, *execution* suspended. (*Id.* at p. 274.)

that the conditions for the restitution fine may never materialize. We see no reason to preclude the imposition of the fine when the prison term has been imposed and suspended.

### DISPOSITION

The judgments are affirmed.

Jones, P. J., and Stevens, J., concurred.

A petition for a rehearing was denied October 19, 2000, and the petition of appellant Lewis Anthony Greene for review by the Supreme Court was denied January 24, 2001. Kennard, J., was of the opinion that the petition should be granted.