[No. A095535. First Dist., Div. Five. July 18, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
OMAR ANDRADE, Defendant and Appellant.

COUNSEL

Jeffrey A. Schafer, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Eric D. Share and Ann P. Wathen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GEMELLO, J.**—Defendant Omar Andrade appeals from the imposition of a parole revocation restitution fine under Penal Code section 1202.45 following revocation of his probation and imposition of a prison sentence. Defendant argues that under Penal Code section 1202.45, a parole revocation fine may not be imposed at the time of sentencing where imposition of sentence was suspended at conviction and the parole revocation fine was not imposed at the same time as the mandatory restitution fine under Penal Code section 1202.4. We disagree and affirm.

PROCEDURAL BACKGROUND

On April 16, 1997, defendant pled no contest and was convicted of battery with serious bodily injury (Pen. Code, § 243, subd. (d)).[1] Judgment was pronounced. Imposition of sentence was suspended. Defendant was placed on formal probation for a period of five years and as a condition of probation was ordered to pay restitution to the victim in the amount of $6,989.55 and a restitution fine in the amount of $7,000 pursuant to section 1202.4, subdivisions (b) and (f). The restitution fine was stayed pending successful completion of probation. Defendant paid the victim restitution.

On June 4, 2001, the court revoked and terminated defendant's probation, and sentenced him to state prison for three years. The court imposed a parole revocation fine of $7,000 pursuant to section 1202.45 (parole revocation fine).

Notice of appeal was filed on July 3, 2001. Defendant appeals only the section 1202.45 parole revocation fine imposed on June 4, 2001.

DISCUSSION

I. ⋅Waiver

■ Defendant claims the trial court imposed an unauthorized fine. Although defendant's failure to object to the imposition of the section 1202.45 fine at the time of sentencing would normally constitute a waiver of the issue, the waiver doctrine does not apply where the trial court exceeds its statutory authority. (*People v. Scott* (1994) 9 Cal.4th 331, 353-354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) While a discretionary sentencing decision may not be challenged on appeal in the absence of objection below, an appeal from an "unauthorized sentence" is not subject to the same limitation. (*Id.* at p. 354.) A sentence is unauthorized "where it could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*) Claims involving unauthorized sentences or sentences entered in excess of jurisdiction can be raised at any time. (*Ibid.*)

II. *The Parole Revocation Fine*

■ Defendant argues on appeal that a section 1202.45 parole revocation fine must be imposed at the same time as a section 1202.4 restitution fine. He asserts that because the trial court ordered the section 1202.4 restitution fine as a condition of probation at the April 16, 1997 hearing, it

---

[1]All statutory references are to the Penal Code unless otherwise stated.

was without authority to impose the section 1202.45 parole revocation fine at the June 4, 2001 sentencing.

Section 1202.45 provides in its entirety: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall *at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4*, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended unless the person's parole is revoked." (Italics added.)

Section 1202.45 applies when a defendant is sentenced for one or more felonies and will be statutorily eligible for parole after his prison sentence is completed. (§ 1202.45; see *People v. Oganesyan* (1999) 70 Cal.App.4th 1178, 1183 [83 Cal.Rptr.2d 157] (*Oganesyan*) [defendant sentenced to life in prison without possibility of parole not subject to fine].)

In *People v. Tye* (2000) 83 Cal.App.4th 1398 [100 Cal.Rptr.2d 507] (*Tye*), defendant was sentenced to four years in prison and execution of sentence was suspended. The section 1202.45 parole revocation fine was imposed along with the required restitution fine under section 1202.4. (*Tye, supra*, 83 Cal.App.4th at p. 1400.) Defendant argued that because his original sentence was suspended and he was placed on probation, he did not receive a sentence that included a period of parole. (*Ibid.*) We rejected that argument and held that the sentence included the possibility of parole and the imposition of the parole revocation fine was proper.[2] (*Tye*, at p. 1401.)

The distinguishing fact in the instant case is the lapse of time between imposition of the original section 1202.4 restitution fine in 1997 (when imposition of sentence was suspended) and the imposition of the section 1202.45 parole revocation fine in 2001 (when probation was revoked and sentence was pronounced and executed).

The parole revocation fine is triggered not when the defendant is convicted but rather when the defendant is sentenced to a prison term.

---

[2] In *Tye*, we distinguished *Oganesyan, supra*, 70 Cal.App.4th 1178, in which the defendant was sentenced to life without possibility of parole. (*Tye, supra*, 83 Cal.App.4th at p. 1401.) In *Oganesyan*, the trial court declined to impose a section 1202.45 fine, and the Second District agreed that section 1202.45 did not apply since defendant was not and never would be eligible for parole. (*Oganesyan, supra*, at p. 1185.) We also disapproved *People v. Hannah* (1999) 73 Cal.App.4th 270 [86 Cal.Rptr.2d 395] (*Hannah*), in which the trial court sentenced defendant to five years, suspended execution of sentence and declined to impose a section 1202.45 fine. (*Hannah, supra*, 73 Cal.App.4th at p. 274.) The Second District there reasoned that because the defendant was placed on probation her sentence did not presently provide for parole and there was no evidence it ever would. Hence, no parole revocation fine could be imposed. (*Id.* at pp. 274-275.) We disagree with this reasoning, as set forth in our holding in *Tye*.

(§ 1202.45.) Had the trial court in the instant case imposed sentence and then suspended *execution* of sentence, the facts here would be the same as those we considered in *Tye*. Because in this case *imposition* of sentence was suspended, we are now called upon to decide whether section 1202.45 applies where the defendant is placed on probation, and a restitution fine under section 1202.4 is imposed at one hearing and a parole revocation fine is imposed at a later time. To do so we must interpret a portion of the statute not addressed in *Tye*. The statutory language at issue is this: "the court shall *at the time of imposing the restitution fine pursuant to subdivision (b) of section 1202.4*, assess an additional restitution fine." (§ 1202.45, italics added.)

■ "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent." (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826 [25 Cal.Rptr.2d 148, 863 P.2d 218].) However, we must also determine whether the literal meaning of the section comports with its purpose and renders it consistent with the statutory scheme. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) "The meaning of a statute may not be determined from a single word . . . the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible." (*Ibid.*) The literal meaning of a statute should not be applied if it would result in unintended consequences. Rather, " 'the letter will, if possible, be so read as to conform to the spirit of the act.' " (*People v. Pieters* (1991) 52 Cal.3d 894, 898, 899 [276 Cal.Rptr. 918, 802 P.2d 420].)

■ Accordingly, we examine briefly the purpose of the statutory scheme of restitution fines. "[T]he entire statutory scheme concerning restitution fines has as its legislative purpose the recoupment from prisoners and potentially from parolees who violate the conditions of their parole some of the costs of providing restitution to crime victims." (*Oganesyan, supra*, 70 Cal.App.4th at p. 1184.) ■ The legislative history of section 1202.45 itself is of little assistance. The section was one of a number of additions and changes to the Penal Code made by a single bill in 1995. The language of section 1202.45 was unchanged in the course of its progress through the legislature. (Assem. Bill No. 817 (1995-1996 Reg. Sess.) § 6, introduced Feb. 22, 1995, chaptered Aug. 3, 1995.) There were no committee reports prepared at all concerning section 1202.45. (*Oganesyan, supra*, 70 Cal.App.4th at p. 1185.)

The absence of meaningful legislative history notwithstanding, we can and do conclude that the statutory purpose of section 1202.45 is consistent with

that of the statutory scheme as a whole: the important goal of compensation of crime victims.

Under section 1202.4, a trial court *must* impose a restitution fine. "Present law still requires imposition of a restitution fine when a person is convicted of a felony, regardless of whether probation is granted." (*People v. Chambers* (1998) 65 Cal.App.4th 819, 822 [76 Cal.Rptr.2d 732].) If the sentence includes a period of parole, then the court *must* also impose a parole revocation fine. (*People v. Smith* (2001) 24 Cal.4th 849, 851, 853 [102 Cal.Rptr.2d 731, 14 P.3d 942].)

In interpreting section 1202.45, we harmonize it with section 1202.4 to give a meaning consistent with the statutory scheme. The court has two mandates in the instant case—one under section 1202.4 and another under section 1202.45. The court was required to and did impose a section 1202.4 restitution fine in 1997 as a condition of probation. The section 1202.4 restitution fine survives the revocation of probation. (*People v. Chambers, supra,* 65 Cal.App.4th at p. 820.) At the time of sentencing, the trial court implicitly reiterated the section 1202.4 restitution fine, noting that defendant had "completed that fine." The defendant's sentence included a period of parole. In accord with section 1202.45, which requires the court to impose the parole revocation fine when the sentence includes a period of parole, the court then imposed and suspended the parole revocation fine.[3]

Reading the statutes together, the restitution fine imposed but stayed in 1997 survived the revocation of probation and was implicitly restated at the time the parole revocation fine was imposed in 2001. The trial court's imposition of the section 1202.45 parole revocation fine therefore comports with the "at the time of" language at issue here. To construe the statute as defendant urges would result in an unintended consequence: where the trial court suspends imposition of sentence, imposes the mandatory section 1202.4 restitution fine, and the defendant subsequently violates probation and is sentenced to a term with the possibility of parole, the defendant will avoid the requirement that he make restitution to crime victims. Such a

---

[3]In *People v. Smith, supra,* 24 Cal.4th 849, the Supreme Court affirmed the judgment of the Court of Appeal, which, inter alia, modified the trial court judgment to impose a parole revocation fine. Although the fines were not imposed at the same time, the higher courts carried out the mandates of both sections 1202.4 and 1202.45. Similarly, in *People v. Rodriguez* (2000) 80 Cal.App.4th 372 [95 Cal.Rptr.2d 299], defendant was sentenced and the trial court imposed a section 1202.4 restitution fine but did not impose a section 1202.45 parole revocation fine. (*People v. Rodriguez, supra,* 80 Cal.App.4th at p. 374.) The court modified the sentence to reflect imposition of the parole revocation fine. Again, in *People v. Valentine* (2001) 93 Cal.App.4th 1241 [113 Cal.Rptr.2d 748], the court modified the sentence to impose a parole revocation fine, relying on *People v. Smith, supra,* 24 Cal.4th 849.

construction does not conform to the spirit of restitution law. We conclude that the trial court properly imposed the parole revocation fine at the 2001 hearing.

## DISPOSITION

The judgment is affirmed.

Jones, P. J., and Stevens, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 16, 2002. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.