[No. G027096. Fourth Dist., Div. Three. Aug. 12, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
CESARE CALABRESE, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

† Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

COUNSEL

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Laura Whitcomb Halgren, Rhonda L. Cartwright-Ladendorf and Sabrina Yolane Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FYBEL, J.—We hold:

First, the sealed transcript of the in camera proceedings in this case confirms the trial court was correct in refusing to reveal the confidential informant's identity and information, and confirms probable cause supported the search warrant.

Second, the California Constitution forbids suppression of evidence produced by the warrant because the Fourth Amendment to the United States Constitution, as interpreted by the United States Supreme Court, did not require the officers executing the search warrant to display the warrant or provide defendant a copy of it.

Third, Penal Code section 1202.45 requires imposition of a restitution fine when a prison sentence has been imposed, but execution of sentence has been suspended.

The trial court was therefore correct in denying defendant Cesare Calabrese's motion to quash the search warrant and to suppress evidence pursuant to Penal Code section 1538.5, and in imposing and suspending a $200 restitution fine under Penal Code section 1202.45. Accordingly, we affirm the judgment.

### THE WARRANT, THE SEARCH, AND THE CHARGES

On January 15, 1999, Westminster Police Department Detective Michael Chapman obtained a warrant to search Calabrese's pickup truck, person, and room at the Cypress Suites Motel. Judge David A. Thompson signed the warrant.

Narcotics investigator Gregory Jackson and several Westminster police officers executed the warrant the same day. Jackson watched Calabrese drive

his truck out of the driveway of the Cypress Suites Motel. Jackson stopped Calabrese after following him for about half a mile and searched the truck pursuant to the search warrant. Jackson found a purple nylon tote bag tied to the hoses inside the truck's engine compartment. The tote bag contained 22.4 grams of a powdery/crystalline substance, a small package containing a usable quantity of marijuana, a .38-caliber snub revolver, a gram scale with residue on top, an empty Ziploc bag, a straw, a walkie-talkie, and binoculars. Jackson concluded the powdery substance and the residue on the scale were methamphetamine, the former intended for sale. He also found a pager attached to the sun visor over the driver's seat.

One of the officers conducted a patdown search of Calabrese and found a four-inch dagger hanging from his neck and, in his right front pocket, a glass pipe with residue in the bowl. The officers searched Calabrese's motel room and found a three-inch low-grade explosive device, two glass pipes, two hypodermic syringes, and a leather holster.

The evidence seized is within the scope of the warrant, and Calabrese does not assert otherwise.

The original warrant and return of property were filed on January 18, 1999, and they, along with the affidavit, were sealed on January 20. The court later unsealed the warrant.

Calabrese was charged with five counts: (1) sale/transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)); (2) possession for sale of methamphetamine (Health & Saf. Code, § 11378); (3) carrying a dirk or dagger (Pen. Code, § 12020, subd. (a)); (4) possessing a smoking device (Health & Saf. Code, § 11364); and (5) possession of 28.5 grams or less of marijuana (Health & Saf. Code, § 11357, subd. (b)). Calabrese was charged with an enhancement as to counts 1 and 2 for having a firearm.

### THE SUPPRESSION HEARING, GUILTY PLEA, AND SENTENCE

Calabrese pleaded not guilty. He moved to unseal the affidavit, quash or traverse the search warrant, and suppress the evidence seized during the search.

The court heard the motion on March 3, 2000. Following an in camera hearing pursuant to *People v. Hobbs* (1994) 7 Cal.4th 948 [30 Cal.Rptr.2d 651, 873 P.2d 1246] (*Hobbs*), the court released a substantial portion of the affidavit, but found the confidential informant had no discoverable information on the issue of guilt and refused to unseal the remainder. The court found no basis to quash or traverse the search warrant.

Defense counsel then requested an evidentiary hearing on the motion to suppress and informed the court he intended to examine one of the officers who executed the search warrant on the failure to show Calabrese the warrant or to give him a copy of it. The court denied the request, stating, "I will not permit you to exam[ine] the officer on that one issue. I will find that even if your client was not served with a copy of the warrant, suppression of the evidence is not mandated under controlling law." The court then denied the motion to suppress.

After the court denied the motion to suppress, Calabrese pleaded guilty to counts 1, 2, 3, and 5 (the prosecution dismissed count 4) and admitted the enhancement. The court sentenced Calabrese to a term of two years on count 1, with a consecutive three-year term for the enhancement, and stayed sentence on counts 2 and 3. The court suspended execution of the prison sentence and placed Calabrese on probation subject to terms and certain conditions including 365 days in the county jail. The court imposed a $100 fine under count 5.

The court imposed a $200 restitution fine under Penal Code section 1202.4, subdivision (b), and imposed, then suspended, a $200 restitution fine under Penal Code section 1202.45. Calabrese timely appealed pursuant to Penal Code section 1538.5, subdivision (m).

DISCUSSION

I.

*The Trial Court Did Not Err in Refusing to Release the Confidential Informant's Identity and Information upon Which Probable Cause Was Based.**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

II.

*The California Constitution Forbids Suppression of Evidence Because the Fourth Amendment Did Not Require the Officers Executing the Search Warrant to Display the Warrant or Provide Calabrese a Copy of It.*

 Penal Code section 1538.5, subdivision (c) states, "[w]henever a search or seizure motion is made in the municipal or superior court as provided in this section, the judge or magistrate shall receive evidence on

*See footnote, *ante*, page 79.

any issue of fact necessary to determine the motion." Calabrese argues the trial court violated this code section by denying him the opportunity to present evidence on the issue of the officer's failure to display the search warrant or provide him a copy of it. The officer's testimony would have been irrelevant, however, because the officers executing the search warrant were not required to display the warrant or give Calabrese a copy of it. Consequently, the California Constitution forbids suppression of evidence as a remedy for their failure to do so.

 Since the passage of Proposition 8 in 1982 and its amendment of article I, section 28, subdivision (d) of the California Constitution, state and federal claims relating to exclusion of evidence based upon unreasonable search and seizure are measured by the same standard. (*People v. Camacho* (2000) 23 Cal.4th 824, 830 [98 Cal.Rptr.2d 232, 3 P.3d 878].) " 'Our state Constitution thus forbids the courts to order the exclusion of evidence at trial as a remedy for an unreasonable search and seizure unless that remedy is required by the federal Constitution *as interpreted by the United States Supreme Court.*' " (*Ibid.*, italics added, quoting *In re Tyrell J.* (1994) 8 Cal.4th 68, 76 [32 Cal.Rptr.2d 33, 876 P.2d 519].) We therefore turn to United States Supreme Court decisions to determine whether suppression was required in this case. (*People v. McKay* (2002) 27 Cal.4th 601, 608 [117 Cal.Rptr.2d 236, 41 P.3d 59] ["With the passage of Proposition 8, we are not free to exclude evidence merely because it was obtained in violation of some state statute or state constitutional provision"].)

The United States Supreme Court has not interpreted the Fourth Amendment to the United States Constitution as requiring the officer executing the search warrant to display the warrant or provide defendant a copy of it. (See *West Covina v. Perkins* (1999) 525 U.S. 234, 240, 246, fn. 1 [119 S.Ct. 678, 142 L.Ed.2d 636] (conc. opn. of Thomas, J.); see also LaFave, Search and Seizure: A Treatise on the Fourth Amendment (3d ed. 1996 & 2002 supp.) § 4.12 ["Whether failure to give notice of the contents of the warrant would, under any circumstances, rise to the level of a constitutional violation appears not to have been decided"].) The United States Supreme Court accordingly has not interpreted the Fourth Amendment as requiring suppression of evidence as a remedy for failure to display the warrant or provide defendant a copy of it. It is also appropriate to review California Supreme Court decisions (*People v. Camacho, supra,* 23 Cal.4th at p. 830, fn. 1), and we have found none requiring suppression. The California Constitution thus forbids suppression under the circumstances presented here. Any statute, rule, or intermediate appellate court decision requiring suppression would violate the California Constitution.

Absent such constitutional mandate, we nonetheless would refuse to order suppression because there is no California statutory requirement to exhibit

the warrant or give the defendant a copy of it as a prerequisite to its execution. (*People v. Rodrigues-Fernandez* (1991) 235 Cal.App.3d 543, 553 [286 Cal.Rptr. 700]; *Nunes v. Superior Court* (1980) 100 Cal.App.3d 915, 935-937 [161 Cal.Rptr. 351]; see also *U.S. v. Silva* (9th Cir. 2001) 247 F.3d 1051, 1058, fn. 4 ["In California, 'there is no statutory or constitutional requirement that a search warrant be exhibited as a prerequisite to execute it' "].)

Calabrese argues *People v. Rodrigues-Fernandez, supra,* 235 Cal.App.3d 543 is distinguishable because the defendant in that case received a copy of the warrant and affidavit at the police station following his arrest. This distinction does not affect the holding of that case and is irrelevant to our analysis, which is grounded in the United States and California Constitutions.

Calabrese urges us to follow Federal Rules of Criminal Procedure, rule 41(d), which provides, in relevant part, "[t]he officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken or shall leave the copy and receipt at the place from which the property was taken. . . ." (Fed. Rules Crim.Proc., rule 41(d), 18 U.S.C.) This rule does not apply to a warrant issued by a California court and executed by California peace officers. (*U.S. v. Silva, supra,* 247 F.3d at p. 1058, fn. 4.)

Calabrese argues Penal Code section 1535 is California's counterpart to Federal Rules of Criminal Procedure, rule 41(d) and, therefore, section 1535 should be interpreted to require the warrant be displayed and defendant be provided a copy of it. Section 1535 states: "When the officer takes property under the warrant, he must give a receipt for the property taken (specifying it in detail) to the person from whom it was taken by him, or in whose possession it was found; or, in the absence of any person, he must leave it in the place where he found the property." Section 1535 is unambiguous. It only requires the officer executing the search warrant to give a receipt for property taken and cannot be read to impose the additional requirement of displaying the warrant or giving defendant a copy of it. In any case, interpreting section 1535 to require suppression of evidence for the officer's failure to display or provide Calabrese a copy of the warrant would violate Proposition 8's mandate.

Because the officers were not required to display the warrant or give Calabrese a copy of it, the trial court was correct to deny the motion to suppress without permitting Calabrese to offer evidence on that issue.

III.

*Penal Code Section 1202.45 Requires a Restitution Fine When a Prison Sentence Is Imposed but Its Execution Is Suspended.*

Penal Code section 1202.45 provides: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended unless the person's parole is revoked." Pursuant to this section, the trial court imposed a $200 parole revocation fine but suspended it unless parole is revoked.

■ Citing the Second District's decision in *People v. Hannah* (1999) 73 Cal.App.4th 270 [86 Cal.Rptr.2d 395], Calabrese argues the court erred by imposing the restitution fine because he was placed on probation and therefore was not subject to a parole period. In *People v. Hannah*, the court concluded Penal Code section 1202.45 does not apply when the defendant is placed on probation. (*Hannah*, at pp. 274-275.) The *Hannah* court reasoned that due to the suspension of execution of sentence the defendant was "presently *not* subject to a parole period and will not be absent a revocation of her probation and commitment to prison." (*Id.* at p. 274.)

In *People v. Tye* (2000) 83 Cal.App.4th 1398 [100 Cal.Rptr.2d 507], Division Five of the First District explained *People v. Hannah, supra,* 73 Cal.App.4th 270, was incorrectly decided. The *Tye* court commented: "The conclusion reached by the *Hannah* court makes sense when probation is granted upon suspension of *imposition* of sentence, for in that situation the defendant has not been sentenced to a prison term. When, however, as here, a prison sentence, including a period of parole, has been imposed and only the execution has been suspended, we conclude that Penal Code section 1202.45 applies and the restitution fine may properly be imposed." (*People v. Tye, supra,* 83 Cal.App.4th at p. 1401, fn. omitted.)

We agree with *People v. Tye.* When execution of sentence is suspended, the defendant's sentence comes within Penal Code section 1202.45 because, if ultimately executed, the sentence "includes a period of parole" which could be revoked. (*People v. Tye, supra,* 83 Cal.App.4th at p. 1401.) Under section 1202.45, the fine is suspended until defendant's parole is ultimately revoked. Thus, as the *Tye* court observed, "the statute contemplates that the conditions for the restitution fine may never materialize." (*Tye,* 83 Cal.App.4th at pp. 1401-1402.) Division Five of the First District recently

confirmed its decision in *Tye* to hold that a parole revocation fine under section 1202.45 may "be imposed at the time of sentencing where imposition of sentence was suspended at conviction and the parole revocation fine was not imposed at the same time as the mandatory restitution fine under Penal Code section 1202.4." (*People v. Andrade* (2002) 100 Cal.App.4th 351, 353 [121 Cal.Rptr.2d 923].)

We hold when a prison sentence has been imposed, and only the execution of sentence has been suspended, Penal Code section 1202.45 requires imposition of a restitution fine, which then "shall be suspended unless the person's parole is revoked." (Pen. Code, § 1202.45.) Calabrese was sentenced to a total of five years in prison. Only the execution of sentence was suspended. The trial court was therefore correct in imposing and suspending a $200 restitution fine under section 1202.45.

### DISPOSITION

The judgment is affirmed.

O'Leary, Acting P. J., and Aronson, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 13, 2002. Brown, J., did not participate therein.