[No. B243715. Second Dist., Div. Five. Jan. 25, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL EARL HUNT, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110(b), this opinion is certified for publication with the exception of part III.A.

14

**COUNSEL**

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant, Michael Earl Hunt, appeals the judgment entered after he pled no contest to one count of transporting cocaine in violation of Health and Safety Code section 11352, subdivision (a). Defendant transported the cocaine on March 7, 2012. As we will discuss in detail, pursuant to a plea

bargain, defendant was sentenced to nine years in prison; the execution of sentence was suspended; and defendant was placed on probation. The trial court imposed a Penal Code[1] section 1202.4, subdivision (b)(1) minimum $240 restitution fine. In addition, the trial court imposed and stayed a section 1202.45 parole restitution fine. Despite the fact defendant was placed on probation, no section 1202.44 probation restitution fine was assessed. In the published portion of this opinion, we address whether a section 1202.45 parole or section 1202.44 probation restitution fine should have been imposed and stayed. We conclude that even though the execution of sentence was suspended, the section 1202.44 restitution fine should have been assessed and stayed.

## II. PROCEDURAL SETTING

Defendant pled no contest to the cocaine transportation charge in count 1 of the information. Defendant also admitted he had sustained a prior serious felony conviction for robbery within the meaning of sections 667, subdivisions (b) through (i) and 1170.12; served a prior prison term (§ 667, subd. (b)) and sustained a prior felony drug conviction (Health & Saf. Code, § 11370.2). The trial court dismissed the prior serious felony conviction within the meaning of sections 667, subdivisions (b) through (i) and 1170.12 on the ground of its age. The parties agree defendant's prior robbery conviction renders him ineligible for a felony county jail sentence. (§ 1170, subd. (h)(2).) Pursuant to the plea agreement, the trial court dismissed count 2 of the information which had charged defendant with possession of cocaine for purposes of sale. (Health & Saf. Code, § 11351.5.) On July 26, 2012, defendant was sentenced to prison for nine years, which consisted of the high term of five years for count 1; plus three years for the prior drug conviction; and one year for the prior prison term enhancement. Execution of the sentence was suspended and defendant was placed on formal probation for three years. Defendant was ordered to pay a restitution fine of $240 (Pen. Code, § 1202.4) and a parole revocation restitution fine of $240 (§ 1202.45) which was suspended unless parole was revoked. No section 1202.44 probation restitution fine was imposed. Defendant was ordered to pay a $30 criminal conviction fee (Gov. Code, § 70373, subd. (a)(1)); a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)); and only a $30 criminal laboratory fee. (Health & Saf. Code, § 11372.5, subd. (a).) Defendant received a total presentence custody credit of 284 days, consisting of 142 days of actual custody plus 142 days of conduct credit.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## III. DISCUSSION

### A. Unpublished Discussion*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. The Parole Restitution Fine Must Be Modified to Be a Probation Restitution Fine

As noted, the execution of sentence was suspended. The trial court orally imposed a $240 minimum parole restitution fine. In addition, the trial court imposed a $240 section 1202.45[2] parole restitution fine. No section 1202.44 probation restitution fine was imposed. We asked the parties to brief the question of whether a section 1202.44 *probation* or section 1202.45 *parole* restitution fine should have been imposed.

Previously, we held in *People v. Hannah* (1999) 73 Cal.App.4th 270, 274–275 [86 Cal.Rptr.2d 395] that when the execution of sentence is suspended, no section 1202.45 parole restitution fine may be imposed. *Hannah* was decided before section 1202.44 was adopted in 2004. (Stats. 2004, ch. 223, § 3, pp. 2432–2433.) We explained our analysis thusly: "Defendant is presently *not* subject to a parole period and will not be absent a revocation of her probation and commitment to prison. Only if committed to prison will defendant be subject to a period of parole and a section 1202.45 fine." (*People v. Hannah, supra,* at p. 274.) We then discussed our analysis in *People v. Oganesyan* (1999) 70 Cal.App.4th 1178, 1181–1186 [83 Cal.Rptr.2d 157]. In *Oganesyan,* we held that no parole revocation fine could be imposed upon a murderer receiving a life in prison without possibility of parole sentence. We reasoned that since the life in prison without possibility of parole sentence did not include a period of parole, section 1202.45 was inapplicable. (*Oganesyan,* at pp. 1184–1185; see *People v. McWhorter* (2009) 47 Cal.4th 318, 380 [97 Cal.Rptr.3d 412, 212 P.3d 692].) In *Hannah,* after analyzing our analysis in *Oganesyan,* we concluded: "As in *Oganesyan,* it would be inappropriate to impose a section 1202.45 fine, which requires the imposition of a sentence that includes a period of parole when, as matters now stand, such a state of affairs does not exist; particularly given the

---

*See footnote, *ante,* page 13.

[2] Former section 1202.45 stated: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional parole revocation restitution fine shall . . . be suspended unless the person's parole is revoked. Parole revocation restitution fine moneys shall be deposited in the Restitution Fund in the State Treasury."

complete absence of evidence of a legislative intent that the fine be imposed when a defendant is placed on probation. ([*People v. Oganesyan, supra,*] 70 Cal.App.4th at pp. 1184–1185.)" (*People v. Hannah, supra,* 73 Cal.App.4th at pp. 274–275.)

Three other Courts of Appeal have disagreed with our analysis in *Hannah* that when the execution of sentence is suspended, no parole restitution fine may be imposed. All three cases were decided before section 1202.44 was enacted in 2004. (*People v. Calabrese* (2002) 101 Cal.App.4th 79, 86–87 [123 Cal.Rptr.2d 570]; *People v. Tye* (2000) 83 Cal.App.4th 1398, 1400–1401 [100 Cal.Rptr.2d 507]; see *People v. Andrade* (2002) 100 Cal.App.4th 351, 355 & fn. 2 [121 Cal.Rptr.2d 923].) In *Tye,* Division Five of the First Appellate District explained its disagreement with *Hannah*: "The Attorney General persuasively argues that *Hannah* was incorrectly decided. The *Hannah* court relied upon an earlier decision in which the restitution fine under Penal Code section 1202.45 was held not to apply to a defendant sentenced to life in prison without possibility of parole, because 'the [defendant's] sentence does not presently allow for parole and there is no evidence it ever will.' (*People v. Oganesyan*[*, supra,*] 70 Cal.App.4th [at pp. 1185–1186].) *Oganesyan* is distinguishable: Tye's sentence does hold the possibility of a period of parole, as did the defendant's sentence in *Hannah,* if probation is revoked and the defendant is committed to prison. Here, in fact, when Tye was sentenced to four years in prison, the court advised him that he would be on parole for three years following release from prison. The fact that execution of sentence was suspended does not negate the fact that defendant's sentence, if ultimately executed, includes a period of parole. [¶] The conclusion reached by the *Hannah* court makes sense when probation is granted upon suspension of imposition of sentence, for in that situation the defendant has not been sentenced to a prison term. When, however, as here, a prison sentence, including a period of parole, has been imposed and only the execution has been suspended, we conclude that Penal Code section 1202.45 applies and the restitution fine may properly be imposed." (*People v. Tye, supra,* 83 Cal.App.4th at p. 1401.) There is much to be said for the analysis in *Tye.* But we need not revisit our discussion in *Hannah* and compare it to the principled analysis in *Tye* and its progeny. This is because in 2004, the Legislature spoke with greater clarity as to what restitution fine is imposed when probation is granted.

In 2004, section 1202.44 was enacted which provides for the imposition of a probation revocation fine. Section 1202.44, as originally adopted and now, states: "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to

subdivision (b) of Section 1202.4. This additional probation revocation restitution fine shall become effective upon the revocation of probation or of a conditional sentence, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record. Probation revocation restitution fines shall be deposited in the Restitution Fund in the State Treasury." The Legislature intended that the probation revocation fine mirror the parole revocation fine. (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434 [84 Cal.Rptr.3d 165]; *People v. Taylor* (2007) 157 Cal.App.4th 433, 439 [68 Cal.Rptr.3d 682].)

In our case, no section 1202.44 probation revocation fine was imposed. Obviously, there was a jurisdictional obligation to impose the section 1202.44 probation revocation fine. (*People v. Woods* (2010) 191 Cal.App.4th 269, 274 [119 Cal.Rptr.3d 328] [if a § 1202.4, subd. (b)(1) restitution fine is imposed in a Proposition 32 case, then a § 1202.44 probation restitution fine must likewise be imposed]; see *People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2 [145 Cal.Rptr.3d 20] [when probation is revoked, the stay of the § 1202.44 probation revocation fine must be lifted].) The question remains though as to whether *both* section 1202.44 probation restitution and section 1202.45 parole restitution fines must be imposed since the execution of sentence was suspended. Given the enactment of section 1202.44, we conclude only the probation restitution fine may be imposed.

■ This is an issue of legislative intent. There is an ambiguity in section 1202.45 which is best illustrated by the conflicting appellate court analysis. As explained in *Tye*, section 1202.45 can be read to require that when execution of sentence is suspended and probation is granted, the parole restitution fine must be imposed. On the other hand, section 1202.44 states that "[i]n every case in which . . . a sentence . . . includes a period of probation" the probation restitution fine is to be imposed. And as we explained in *Hannah* in 1999, there is no evidence the Legislature intended that when probation is granted, the parole restitution fine is imposed and stayed. (*People v. Hannah, supra*, 73 Cal.App.4th at pp. 274–275.) Thus, there is some ambiguity as to whether a parole restitution fine may be imposed here. Hence, we may examine extrinsic aids to determine their application to the case before us which includes legislative history; the Legislature's purposes; the context in which language is used; the entire statutory scheme; and the evils to be remedied. (*Baker v. Workers' Comp. Appeals Bd.* (2011) 52 Cal.4th 434, 446 [129 Cal.Rptr.3d 133, 257 P.3d 738]; *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125–1126 [77 Cal.Rptr.3d 569, 184 P.3d 702].)

Committee reports prepared when section 1202.44 was enacted indicate the probation restitution fine must be imposed. No committee reports state both

probation and parole restitution fines are to be imposed and stayed when the execution of sentence is stayed as occurred here. The problem identified in the initial Senate Committee on Public Safety report is there was a restitution fine for violating parole but not probation. (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Apr. 30, 2003, p. N.) The solution identified in the Senate Committee on Public Safety report is as follows: "Add a new section to law to require a probation revocation fine. This fine would be imposed on all individuals who are convicted and would be collected upon any violation of probation." (*Ibid.*) Several Senate and Assembly reports and analyses state, "Requires that a probation revocation restitution fine be assessed at the time the court imposes sentence and judgment . . . ." (Sen. Rules Com., Unfinished Business Analysis, Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Mar. 30, 2004, p. E; Sen. 3d Reading Rep. on Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Mar. 30, 2004, p. 2; Assem. Com. on Public Safety, Rep. on Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Feb. 3, 2004, p. 1; see Sen. Rules Com., Unfinished Business Analysis, Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Sept. 9, 2003, p. E.) Reports prepared for the Assembly Appropriations Committee hearing state, "Requires a probation revocation fine be assessed at the time the court imposes a restitution fine and makes the fine effective only if and when probation is revoked." (Assembly Com. on Appropriations, Rep. on Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Mar. 30, 2004, p. 1; Assembly Com. on Appropriations, Rep. on Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Aug. 18, 2003, p. 1.) Language in a Senate Rules Committee report parallels that in section 1202.44: "Requires that in every case in which a person is convicted of a crime and a conditional sentence that includes a period of probation is imposed, the court shall at the time of imposing the restitution fine assess[] an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." (Sen. Rules Com., Unfinished Business Analysis on Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Sept. 9, 2003, p. E.) Senate and Assembly committee reports state, "Requires that a probation revocation fine be assessed at the time the court imposes a restitution fine pursuant to Penal Code Section 1202.4, and provides that the revocation restitution fine shall only become effective at the time of probation revocation." (Sen. 3d Reading Rep. on Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Aug. 18, 2003, p. 2; Assembly Com. on Public Safety, Rep. on Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Apr. 30, 2003, p. 1.)

█ Thus, the Legislature intended that *all* felony probation grants include a section 1202.44 probation revocation fine when a section 1202.4, subdivision (b)(1) restitution fine is imposed. There is no evidence the

Legislature intended that *three* restitution fines be imposed when the execution of sentence is suspended: a section 1202.4, subdivision (b)(1) fine; a section 1202.44 probation revocation restitution fine which is stayed until there is a probation violation; and a section 1202.45 parole revocation restitution fine which is stayed until there is a parole violation. To construe the statutory framework differently would require all three restitution fines to be imposed when the execution of sentence is suspended. But when the imposition of sentence is suspended, under this view, only two restitution fines need be imposed. Under this hypothesis, only the section 1202.4, subdivision (b)(1) restitution fine and section 1202.44 probation revocation restitution fine must be imposed (and stayed) when the imposition of sentence is suspended. There is no evidence of such an unusual legislative distinction and intention. (See *People v. Taylor, supra,* 157 Cal.App.4th at pp. 438–439 [there is no evidence of a legislative intent in adopting § 1202.44 to treat suspension of imposition or execution of sentence differently in probation cases].) ■ Thus, the order granting probation must be corrected to indicate the $240 revocation fine applies to the revocation of probation, if such occurs, pursuant to section 1202.44.

## IV. DISPOSITION

The judgment is modified to impose a $50 Health and Safety Code section 11372.5, subdivision (a) laboratory fee and include the additional penalties and surcharge in part III.A. of this opinion. In addition, the clerk's minutes must be modified to reflect the actual restitution fines orally imposed by the trial court. Further, the order imposing and staying a parole restitution fine is reversed. The judgment is modified to impose and stay a $240 Penal Code section 1202.44 probation fine. The judgment is affirmed in all other respects.

Armstrong, J., and Mosk, J., concurred.