Filed 5/30/14  P. v. Strock CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JACOB ROBERT STROCK,<br><br>     Defendant and Appellant. | A138587<br><br>(Contra Costa County Super. Ct. Nos. 4-167137-9 & 5-120768-7) |

Defendant Jacob Robert Strock appeals from a conviction of auto theft (Veh. Code, § 10851, subd. (a)) with a prior auto theft related felony conviction (Pen. Code, [1] § 666.5).  He raises only one issue, arguing the court erred when it imposed a restitution fine and a parole revocation restitution fine in the amount of $960 each.  Because those fines had been set at $240 each when sentence was imposed, but execution suspended, defendant argues that the court, upon revoking probation and sentencing defendant to prison, was not authorized to increase those fines.  The Attorney General agrees that the amount of the fines was unauthorized.  We, therefore, modify the amounts of the fines imposed and order the abstract of judgment amended accordingly.  The judgment, as modified, is affirmed.

**STATEMENT OF THE CASE AND THE FACTS**

On February 28, 2010, the complaining witness, a 17-year-old male, went to Harbor Park in Antioch to meet defendant's girlfriend, whom he had arranged to meet

---

[1] Unless otherwise indicated, further statutory references are to the Penal Code.

1

there at 11 p.m.  Defendant noticed his girlfriend had received several text messages from the complaining witness and decided to have words with him.  Defendant and a codefendant approached the complaining witness and one of them said, "Do you have anything on you?  A phone?"  When the complaining witness said he did have a phone, defendant or his codefendant said, "Give me all you got."  Both defendant and the codefendant kicked and punched the complaining witness 10 to 12 times.  They took his cell phone.  As they left one of them said, "Don't call the police."

On September 9, 2010, the Contra Costa County District Attorney filed a felony complaint charging defendant with one count of second degree robbery (§§ 211, 212.5, subd. (c)) in Docket No. 4-167137-9.  The complaint further alleged a great bodily injury enhancement (§ 12022.7, subd. (a)) and an enhancement alleging the offense was committed while on bail or on own recognizance (§ 12022.1).  On September 14, 2010, an amended complaint was filed which added the codefendant.

On October 12, 2010, defendant entered a plea of no contest to robbery (count one), an additional amended "back-up" count two, felony grand theft person (§ 487, subd. (c)),[2] and amended count three, unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a), from an earlier filed docket).  Judge Brian Haynes admitted defendant to three years' felony probation on the condition that he serve 365 days in jail and pay a $300 restitution fine and a $300 probation revocation restitution fine (suspended).  Upon successful completion of probation, the robbery count was to be dismissed nunc pro tunc.  The enhancements were dismissed, and defendant waived his appellate rights.

Defendant thereafter admitted allegations of four petitions to revoke probation, and probation was reinstated each time.  On April 9, 2013, probation was reinstated on

---

[2] The agreement was that defendant would plead no contest to both counts one and two, but if he successfully completed probation, count one would be dismissed nunc pro tunc, so that he would be left with only a grand theft from the person conviction, thereby avoiding a strike conviction.  The judge indicated the "back-up" count was subject to section 654.

2

Docket No. 4-167137-9 when defendant entered a no contest plea in Docket No. 5-120768-7 based on the following facts.

On April 3, 2012, defendant was stopped by the Antioch police while driving a green Honda Civic that had been reported stolen that morning. The ignition was on and the engine was running, but no key was visible in the ignition. The arresting officer did not find a shaved key, screwdriver or other tool that could have been used to start the car. The owner of the Honda Civic did not know defendant and had not given him permission to drive it.

On May 15, 2012, an information was filed in Docket No. 5-120768-7, charging defendant with one count of unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)), with a prior felony auto-related conviction (§ 666.5), and alleging a strike prior (§§ 667, subds. (b)-(i), 1170.12), violations of probation (§ 1203.3), probation ineligibility (§ 1203.4, subd. (e)(4)), and state prison eligibility (§ 1170, subds. (f) & (h)(3)(A)).

On July 3, 2012, defendant pled no contest to count one and admitted a prior conviction as described in section 666.5. The strike prior was stricken. Judge Haynes imposed a four-year prison sentence under section 666.5, subdivision (a), but suspended execution, granting defendant three years of felony probation on conditions including 365 days in jail. The court also imposed a restitution fine of $240 under section 1202.4 and a probation revocation restitution fine of $240 under section 1202.44 (suspended pending revocation of probation). Defendant again waived his appellate rights.

On September 17, 2012, petitions to revoke probation were filed in the auto theft case (Docket No. 5-120768-7) and in the prior robbery/auto theft case (Docket No. 4-167137-9). Defendant admitted the allegations and probation was reinstated on November 2, 2012, on condition that he serve 365 days in jail concurrently or complete the Men of Valor 12-month treatment program.

On January 29, 2013, another petition to revoke probation was filed, alleging defendant failed to follow orders of the court in that he was discharged from the Men of Valor program on January 23, 2013, because he tested positive for methamphetamine. On April 9, 2013, defendant pled no contest to the allegation. Probation was terminated

3

unsuccessfully and Judge John Laettner ordered the four-year suspended prison sentence into execution. The court ordered defendant to pay a restitution fine of $960 ($240 for each year in prison, apparently in accordance with section 1202.4, subdivision (b)(2)),[3] and also imposed, but stayed a parole revocation restitution fine of $960 under section 1202.45. This timely appeal followed.

By supplemental record we are informed that defendant's appellate counsel sent a letter to Judge Laettner on September 30, 2013, requesting that the restitution and parole revocation fines be reset to $240 each and that a clerical error regarding a criminal justice fee be corrected. On October 31, 2013, the court filed an amended abstract of judgment correcting the clerical error, but not the amount of the fines.

## DISCUSSION

The sole issue raised by defendant is whether the court erred when it imposed increased fines at the time the four-year sentence was ordered into execution.

Section 1202.4 requires the trial court, in the absence of compelling and extraordinary circumstances, to impose a restitution fine of not less than $240 whenever a person is convicted of a crime. The restitution fine must be imposed at the time of conviction, irrespective of whether the defendant is granted probation or sentenced to prison. However, if probation is granted, the restitution fine must be made a condition of probation. (See § 1202.4, subds. (b) & (m); *People v. Arata* (2004) 118 Cal.App.4th 195, 201 (*Arata*).)

A restitution fine imposed as a condition of probation survives the probationary term, that is, the original fine in the original amount remains in force even after the revocation of probation. (*Arata*, *supra*, 118 Cal.App.4th at pp. 201–202; *People v. Chambers* (1998) 65 Cal.App.4th 819, 822–823 (*Chambers*).) The corresponding

---

[3] That subdivision provides: "In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."

4

probation revocation or parole revocation restitution fine under section 1202.44 or section 1202.45 must be set in an equal amount at the time defendant is sentenced; if he is granted probation a fine under section 1202.44 is to be imposed,[4] and if he is sentenced to prison a fine under section 1202.45 is appropriate.[5] (§§ 1202.44, 1202.45; *People v. Hunt* (2013) 213 Cal.App.4th 13, 16–20 (*Hunt*).) Whether a probation revocation restitution fine and a parole revocation restitution fine both should be imposed if the defendant is sentenced to prison with execution suspended and probation granted is a question that could generate some debate, but one we need not answer on the facts before us.[6] For our purposes, the salient point is that once the restitution fine has been imposed it places an upper limit on the probation revocation restitution fine and the parole revocation restitution fine; there is no statutory authority for the court to impose a second or higher

[4] Section 1202.44 provides: "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. *This additional probation revocation restitution fine shall become effective upon the revocation of probation or of a conditional sentence, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record.* Probation revocation restitution fines shall be deposited in the Restitution Fund in the State Treasury." (Italics added.)

[5] Section 1202.45, subdivision (a), provides: "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."

[6] Division Five of our District has previously held a (suspended) parole revocation restitution fine may be imposed at the same time the restitution fine under section 1202.4 is imposed. (*People v. Tye* (2000) 83 Cal.App.4th 1398, 1400–1401; accord, *People v. Calabrese* (2002) 101 Cal.App.4th 79, 86–87 [Fourth District, Division Three].) The Second District, Division Five has concluded that only the probation revocation restitution fine should be imposed when a prison sentence is imposed with execution suspended and probation granted, and the parole revocation restitution fine should *not* be imposed until the defendant is actually committed to prison. (*Hunt*, *supra*, 213 Cal.App.4th at pp. 19–20; see generally *People v. Hannah* (1999) 73 Cal.App.4th 270, 274–275.)

restitution fine or probation or parole revocation fine at the time probation is revoked. (*Arata*, *supra*, at pp. 202–203; see also *People v. Johnson* (2003) 114 Cal.App.4th 284, 306–308; *People v. Downey* (2000) 82 Cal.App.4th 899, 921; *Chambers*, *supra*, at pp. 820–823.) Thus, the court was not under any circumstances authorized to impose fines in excess of $240 each (§§ 1202.44, 1202.45), as the discretion to determine the amount of such fines had been exercised in July 2012. Imposition of a $960 restitution fine and a $960 parole revocation restitution fine was improper.

We, therefore, reduce the $960 fines to $240 on the restitution fine (§ 1202.4) and $240 on the parole revocation restitution fine (§ 1202.45), suspended pending revocation of parole. (See *People v. Garcia* (2006) 147 Cal.App.4th 913, 917.)

In addition, the fine imposed under section 1202.44 in July 2012 (probation revocation restitution fine) should have been ordered payable at the time of sentencing on April 9, 2013. (*People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2; *People v. Guiffre* (2008) 167 Cal.App.4th 430, 434–435.) When probation was revoked, the $240 probation revocation fine imposed in July 2012 under section 1202.44 was no longer suspended and became payable by operation of statute, subject to the court's authority to waive or reduce it for "compelling and extraordinary" reasons. (See fn. 4, *ante*.) Under the heading "financial obligations," section 5 on the abstract of judgment (Judicial Council Form No. CR-290) has a blank to be filled in with the amount of the probation revocation restitution fine previously imposed "now due, probation having been revoked." That blank was not filled in either on the abstract of judgment filed April 10, 2013, or on the amended abstract of judgment filed October 31, 2013.

Given the fines actually imposed, we think it clear that Judge Laettner did not intend to waive collection of the previously imposed $240 probation revocation restitution fine. In any case, he did not state "compelling and extraordinary" reasons for waiving collection of the previously imposed and suspended fine, as required under section 1202.44. We shall, therefore, order preparation of an amended abstract to correct the fines imposed and ordered payable.

6

We note, in addition to the matters discussed above, the amended abstract filed October 31, 2013, lists a prior prison term enhancement under section 667.5. No such enhancement was either alleged or admitted; rather, section 666.5 was alleged. That error should also be corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–188.)

## DISPOSITION

The portions of the judgment imposing a restitution fine in the amount of $960 and a suspended parole revocation fine also in the amount of $960 are modified (1) to reinstate the $240 restitution fine the court originally imposed under section 1202.4, subdivision (b); and (2) to reduce from $960 to $ 240 the suspended parole revocation fine imposed under section 1202.45. In all other respects, the judgment is affirmed. The clerk of the superior court is directed to prepare and file an amended abstract of judgment reflecting these modifications. In addition, the amended abstract shall indicate in section 5 that the $240 probation revocation restitution fine previously imposed under section 1202.44 is "now due, probation having been revoked." The amended abstract shall also delete reference to an enhancement under section 667.5. A copy of the amended abstract shall be forwarded to the Department of Corrections and Rehabilitation.

As so modified, the judgment is affirmed.

_____
Becton, J.*

We concur:


_____
Margulies, Acting P.J.


_____
Dondero, J.

\* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.