Filed 2/2/15  P. v. Perez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CAMILO PEREZ,<br><br>    Defendant and Appellant. | B252985<br><br>(Los Angeles County<br>Super. Ct. No. BA413142) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Dennis J. Landin, Judge.  Sentence vacated and remanded with instructions; affirmed in all other respects.

Paul J. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell and Douglas L. Wilson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Camilo Perez appeals from a sentence imposed after he was convicted of assault with a deadly weapon. He contends a parole revocation fine was improper where imposition of sentence was suspended, thus creating no possibility of parole, and a pre-verdict protective order was improperly made a probation condition. We agree with both contentions and thus vacate the judgment and remand for resentencing.

## BACKGROUND

On July 1, 2013, Perez threatened Jose Farias and his daughter, Stephanie Espinoza, with a knife, threatening to kill them. When arrested, he told police "they" would not let him see his daughter. He was convicted by a jury on two counts of assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).)[1]

At sentencing, the trial court suspended imposition of sentence and placed Perez on formal probation for five years. As a condition of probation, Perez was ordered to serve 364 days in county jail and pay, among several other fees, both a parole revocation fine in the amount of $280 (§ 1202.45) and a probation revocation fine of $280 (§ 1202.44). In addition, as a condition of probation Perez was ordered to stay away from Farias and Espinoza and their residence, and advised that failure to do so may be "charged [as] a completely separate crime" and "may be punished as a felony, a misdemeanor, or contempt of court."

Perez timely appealed.

## DISCUSSION

*Parole Revocation Fine*

Perez contends the parole revocation fine was improper because suspension of the imposition of sentence created a situation where he was not sentenced to any prison term, and thus could not be granted parole. Respondent concedes the point, and we agree. (*People v. Tye* (2000) 83 Cal.App.4th 1398, 1401 [suspension of imposition of sentence creates a situation where the defendant has not been sentenced to a prison term, making a parole revocation fine improper].)

_____

[1] All statutory references will be to the Penal Code.

*Protective Order as a Probation Condition*

Perez contends the court issued a witness protective order, which is generally applicable only during the pendency of trial to protect against witness dissuasion (§ 136.2), as a probation condition, which is unauthorized. We agree.

At sentencing, the trial court, speaking to Perez, stated, "I mentioned before, I signed a protective order, Mr. Perez. This prevents you, from among other things, having contact with Jose Farias and Stephanie Espinoza. You're not to come within 100 yards of either of those persons or have any contact with them directly or through a third party. [¶] You are to have no personal, electronic, telephonic or written contact with them as well. There are other conditions on this document. Make sure it's read to you in the language you understand because if you violate any portion of it, you can be charged with a completely separate crime." The court stated, "that's a condition of probation."

The condition was reflected in the written probation order, where it was denominated as follows: "PROBATION CONDITION ORDER (Pen. Code, § 136.2)." The written order stated that "[v]iolation of this protective order may be punished as a felony, a misdemeanor, or contempt of court." This was improper, as violation of a probation condition is not punishable as a separate offense. (*People v. Selga* (2008) 162 Cal.App.4th 113, 120.)

Respondent argues the stay-away condition should remain because the trial court could have imposed it using its broad discretion under section 1203.1. We agree the trial court could have imposed the condition under that section, but it could not also advise that violation of the condition could be punishable as a separate offense. To afford the court an opportunity to impose the condition without that advisement, we will remand the matter for resentencing, with the understanding that the stay-away condition remain in effect pending resentencing.

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing. The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED.

CHANEY, Acting P. J.

We concur:

JOHNSON, J.

BENDIX, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.